**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NATIONAL STAFFING SOLUTIONS,
INC.,

       Plaintiff,

v.                                                                            Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY
COSTELLO, KRISTOFER MUNCH,
STEVEN MEADOWS, JACYLYN
ATCACHUNAS, MICHAEL FOOR
and BENJAMIN BENAMI,

       Defendants

---

**ORDER**

Plaintiff has filed a complaint asserting a host of state and federal claims against seven (7) Defendants alleging that these Defendants interfered with various noncompete agreements, misappropriated Plaintiff's trade secrets, and engaged in computer fraud, abuse, and data theft.   Doc. No. 1, *see also* Doc. No. 43.   Discovery in this case closes on May 30, 2025.   Doc. No. 45.

On November 14, 2024, Defendants moved to compel Plaintiff to more fully respond to what appear to be over 100 requests for production and interrogatories, and to waive certain objections.   Doc. No. 65.   Defendants also asked the Court for

an award of attorneys' fees.  *Id.*   The Court ordered supplemental briefing, Doc.

No. 66, and both sides have timely complied.   Doc. Nos. 67-68.

Upon review of the parties' filings, the Court is unable to resolve Defendants'

motion on the papers.   Specifically, it appears from the parties' representations –

in particular those made in Plaintiff's response – that some of the outstanding

discovery issues may have been resolved, that some of the discovery issues may be

premature, and both sides appear to be calling into question the veracity of certain

statements made by the other.   As such, the Court finds that an additional

substantive conferral is warranted.

Accordingly, it is hereby **ORDERED** as follows:

1.      On or before **December 30, 2024**, the parties shall engage in a

substantive good faith conferral in person or by videoconference (telephone, email,

or other communication methods will not suffice) regarding the issues raised in

Defendants Short-Form Motion to Compel Plaintiff's Discovery Responses (Doc.

Nos. 65, 67), and in Plaintiff's response (Doc. No. 68).

2.      On or before **January 6, 2025,** the parties shall file a **joint status report**,

not to exceed **twenty (20) pages** in length, which must address the following:

a.      The date, time, and length of the conferral, and the method by which

the conferral was conducted.

b. The progress and result of the conferral efforts, and whether and to what extent the issues in Defendants' motion (Doc. No. 65) remain outstanding. For any outstanding issues, the joint status report shall provide a detailed recitation of those issues remaining for resolution by the Court, to include identifying the precise Request for Production and/or Interrogatory number and the objection(s) in dispute, as well as a concise statement of each party's position on those issues with citation to applicable legal authority.

c. The parties shall not raise in the joint notice any discovery requests or interrogatories not already identified in Defendants' motion (Doc. No. 65), nor may the parties raise any arguments or objections not previously discussed in the parties' filings (Doc. Nos. 65, 67-68).

3. To the extent Plaintiff has withheld any documents on the basis of privilege, **Plaintiff must include with the joint status report** (and serve on Defendants) a privilege log in full compliance with the undersigned's Standing Order Regarding Privilege Logs.[1] Failure to do so may result in a finding that any claim of privilege is waived.

---

[1] *See In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-regarding-privilege-logs.

4.      The Court will resolve Defendants' motion after receipt of the parties'

joint status report, or after setting a hearing on the matter, should the Court deem

a hearing necessary.   *See* Doc. No. 47 ¶ 6.

5.      The parties are cautioned that failure to comply with this Order may

result in sanctions.   *See* Fed. R. Civ. P. 16(f).

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -