**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NATIONAL STAFFING SOLUTIONS, INC.,

    Plaintiff,

v.                                       Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY COSTELLO, KRISTOFER MUNCH, STEVEN MEADOWS, JACYLYN ATCACHUNAS, MICHAEL FOOR and BENJAMIN BENAMI,

    Defendants

## ORDER

Before the Court is Plaintiff's Short Form Motion to Compel.  Doc. No. 78.  Defendants respond in opposition.  Doc. No. 79.  On review, Plaintiff's motion (Doc. No. 78) will be **DENIED**.

This case concerns claims of tortious interference, misappropriation of trade secrets, and violations of the Computer Fraud and Abuse Act and Florida Computer Abuse and Data Recovery Act by Plaintiff National Staffing Solutions, Inc., alleging that Defendant Ascendo Resources, LLC ("Ascendo") hired Plaintiff's former employees (five of the individual Defendants) to create a healthcare staffing unit

using Plaintiff's trade secrets and other confidential business information. Doc. Nos. 43, 59. By the present motion, Plaintiff seeks an Order overruling Defendants' objections and compelling production with respect to Plaintiff's First Requests for Production ("RFPs"), which were propounded on Defendants during discovery. *See* Doc. Nos. 78-1 through 78-5; *see also* Doc. No. 81. Specifically, Plaintiff takes issue with Defendants' objection to RFPS 1, 5–8, 29–30, 32–33, 35–42, 45–46[1] that Plaintiff failed to adequately plead the identity of the trade secrets at issue in this case. Doc. No. 78, at 1–2. Plaintiff also argues that with respect to RFPs 16–19, 37–39, Defendants' objection that certain terms ("client list," "clinician list," "provider list," "pricing list," "list of clinicians," "list of providers," and "clinician pay rates") are unduly vague is improper and the terms should be interpreted in accordance with their plain meaning. *Id.* at 2.

As Defendants argue in response, however, Plaintiff only takes issue with two specific objections raised by Defendants, and Plaintiff fails to address the remainder of the objections raised. *See* Doc. No. 79. As just one example, RFP 1 and Defendants' objections thereto state:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents created, modified, or accessed by National employees, contractors, or Representatives.

---

[1] As numbered in the RFPs propounded on Defendant Ascendo Resources, LLC, Doc. No. 78-1, with corresponding discovery requests served on the remaining Defendants. *See* Doc. No. 78, at 1, n.1.

> **RESPONSE:**
>
> Ascendo objects to this request as over broad in that this request is not limited to the issues in this case, specifically the purported trade secrets that were allegedly misappropriated by Ascendo. *See* Am. Compl., ¶ 16. Ascendo further objects to this request as vague and over broad because the at-issue trade secrets have not been specifically identified in the Amended Complaint, nor have they been produced in discovery. Ascendo cannot respond to this request without this information. Ascendo also cannot respond to this request as it does not have personal knowledge of whether any particular document was created, modified, or accessed by National employees, contractors, or Representatives. Ascendo further objects to this request as overly broad in scope as it seeks documents for a time period of five years which is beyond the applicable statute of limitations.

Doc. No. 78-1, at 3.

So, with respect to RFP 1, in addition to the identification of trade secret issue, Defendants object that the RFP is overbroad, not limited to the issues in this case, Defendants lack personal knowledge about documents created, modified, or accessed by Plaintiff's employees, and the request is overbroad in scope given that it seeks documents beyond the statute of limitations. *Id.*; *see also id.* at 5–8, 15–16, 17–18, 19–23, 24–25 (raising additional and/or similar objections with regard to RFPs 5–8, 29–30, 32–33, 35–42, 45–46); *id.* at 10–12, 20–21 (raising additional objections outside of vagueness and identification of trade secret with respect to RFPs 16–19, 37–39).[2]

---

[2] These same objections, along with others, are also raised by each Defendant.

But Plaintiff fails to address any of the objections outside of the identification of trade secrets objection with regard to RFPS 1, 5–8, 29–30, 32–33, 35–42, 45–46, and outside of the vagueness of terms objection with respect to RFPs 16–19, 37–39.   Doc. No. 78.   Accordingly, Plaintiff's motion is due to be denied and Defendants' remaining un-addressed objections sustained.   *See, e.g.*, *Hunsaker v. Found. Partners Grp., LLC*, No. 6:18-cv-1996-Orl-22DCI, 2020 WL 10355095, at *3–4 (M.D. Fla. May 26, 2020) (sustaining overbreadth, scope, and vagueness objections that went unaddressed and therefore were treated as unopposed; denying motion to compel related thereto); *Cline v. Ultimate Fitness Grp., LLC*, No. 6:18-cv-771-Orl-37GJK, 2019 WL 568357, at *2 (M.D. Fla. Jan. 7, 2019) (denying motion to compel where the movant failed to address all objections raised, finding insufficient basis to compel production given the failure to address the objections).

And considering the un-addressed objections, the Court finds them well taken.   In particular, the RFPs at issue are grossly overbroad on their face, *see* Doc. Nos. 78-1 through 78-5; *see also* Doc. No. 81-1, to include the definition of "documents," the requests for "all documents," and the failure to meaningfully limit the RFPs to the issues in this case.   *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-cv-1590-PGB-LHP, 2022 WL 19355853, at *5, 8 (M.D. Fla. Sept. 12, 2022) (denying in part motion to compel where requests for production were patently overbroad where some provided no temporal scope, and some provided no

limitations as to subject matter); *Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery" and further noting that requests for "'all documents' at the outset of each request lacks proportionality and arguably captures a host of documents and communications that would have little to no relevance to this case"); *see also Sanibel Beach Front Condos LLC v. Sanibel Arms Condo. Ass'n, Inc.*, No. 2:19-cv-557-FtM-29NPM, 2020 WL 4741101, at *2 & n.1 (M.D. Fla. Jan. 8, 2020) (denying motion to compel even where all objections were waived when the discovery requests did not meet relevance and proportionality requirements, as the requests sought "all" documents and contracts and were not narrowed to relate to the claims or defenses raised in the case); *Kyles v. Health First, Inc.*, No. 6:09-cv-1248-Orl-28GJK, 2010 WL 11626712, at *2 n.2 (M.D. Fla. Sept. 27, 2010) ("It is not the trial court's responsibility to redraft, rewrite or narrow a discovery request which on its face is patently overbroad or vague.").

Given that the RFPs are patently overbroad, that Plaintiff fails to address Defendants' remaining objections, and that Defendants' remaining objections will be sustained, the Court finds it unnecessary to further address Plaintiff's arguments as to Defendants' objections regarding identification of the trade secrets and

definitions and/or vagueness of certain terms.  *See* Doc. No. 78; *see also Hunsaker*, 2020 WL 10355095, at *3–4.

For these reasons, Plaintiff's motion (Doc. No. 78) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties