# United States District Court
## Middle District Of Florida
### Orlando Division

NATIONAL STAFFING SOLUTIONS,
INC.,

        Plaintiff,

v.                                   Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY
COSTELLO, KRISTOFER MUNCH,
STEVEN MEADOWS, JACYLYN
ATCACHUNAS, MICHAEL FOOR
and BENJAMIN BENAMI,

        Defendants

_____

## Order

    This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SHORT FORM MOTION TO OVERRULE ASCENDO RESOURCES LLC'S OBJECTIONS AND TO COMPEL THE PRODUCTION OF DOCUMENTS AND REQUEST FOR FURTHER BRIEFING (Doc. No. 84)** |
| **FILED:** | **April 29, 2025** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.    BACKGROUND

This case concerns claims of tortious interference, misappropriation of trade secrets, and violations of the Computer Fraud and Abuse Act and Florida Computer Abuse and Data Recovery Act by Plaintiff National Staffing Solutions, Inc., alleging that Defendant Ascendo Resources, LLC ("Ascendo") hired Plaintiff's former employees (five of the individual Defendants) to create a healthcare staffing unit using Plaintiff's trade secrets and other confidential business information.   Doc. Nos. 43, 59.   Discovery opened on or about November 9, 2023, and closes on May 30, 2025.   *See* Doc. No. 42, at 1; Doc. No. 45, at 2; Fed. R. Civ. P. 26(d)(1).[1]

Discovery in this case has been rather heavily litigated.   *See, e.g.*, Doc. Nos. 65-70, 73, 78-82, 84-88, 90-93.   For example, Plaintiff previously moved to compel Defendants to respond to Plaintiff's First Requests for Production ("First RFPs"). Doc. No. 78.   In that motion, Plaintiff took issue with Defendants' objection to several of the First RFPS on the basis that Plaintiff failed to adequately identify the trade secrets at issue in this case.   *Id.*   Plaintiff also argued that Defendants' objections on the basis of vagueness to certain terms such as "client list," "clinician list," "provider list," "pricing list," list of clinicians," "list of providers," and

_____

[1] Plaintiff has moved to extend the discovery deadline, which motion remains pending and will be resolved by separate order.   Doc. No. 89.

"clinician pay rates" were improper and that the terms should be interpreted in accordance with their plain meaning.  *Id.*

On April 17, 2025, the Court denied Plaintiff's motion.  Doc. No. 82.  The Court held that Plaintiff did not challenge several of the other objections raised by Defendants (such as overbreadth as to subject matter and temporal scope, and lacking personal knowledge), and therefore sustained those objections.  *Id.*, at 3-4. In particular, the Court also found the RFPs at issue to be patently overbroad.  *Id.*, at 4-6.

## II.    THE PRESENT MOTION TO COMPEL

In the meantime, on February 14, 2025, Plaintiff served its Second Requests for Production ("Second RFPs") on Ascendo.  Doc. No. 84-1.  There are 20 requests in total, and they seek information relating to all of Ascendo's customers and providers from September 2018 to the present, along with all of Ascendo's financial information for the years 2018 through 2024.  *Id.*  The Second RFPs also seek pricing schedules and pricing data provided to Ascendo from the other Defendants, all communications between Ascendo and/or any customer or provider of Ascendo and the other Defendants referencing Plaintiff, and all commissions paid to each of the other Defendants for the entirety of their employment with Ascendo.  *Id.*

For the majority of the Second RFPs, Ascendo made a variation of the following objection:[2]

Ascendo objects to this request as over broad in that this request is not limited to the issues in this case, specifically the purported trade secrets that were misappropriated. A "plaintiff is required to identify with reasonable particularity the trade secrets at issue before proceeding with discovery." *DynCorp International v. AAR Airlift Group, Inc.,* 664 Fed.Appx. 844, 848 (11th Cir. 2016), citing *AAR Mfg., Inc. v. Matrix Composites, Inc.,* 98 So.3d 186, 188 (Fla. 5th DCA 2012); *Revello Med. Mgmt., Inc. v. Med–Data Infotech USA, Inc.,* 50 So.3d 678, 679 (Fla. DCA 2010) ("[Med–Data] concedes that before proceeding with discovery in [a tradesecret misappropriation] suit, the plaintiff must identify with reasonable particularity the nature of the trade secret involved.")." To date, Plaintiff has identified only three specific trade secrets and/or proprietary and confidential practices and methods it alleges were misappropriated by Ascendo: (1) the Provider Timecard; (2) client contact lists; and (3) email templates. *See* Plaintiff's Amended Responses to Defendants' First Request for Production to Plaintiff ("Amended Responses"), ¶¶ 64, 65. *See also* Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories to Plaintiff ("Interrogatory Responses"), Response to Interrogatory No. 1. Accordingly, this request is over broad because it asks for a list of Ascendo's customers but no customer list of National has been identified as a misappropriated trade secret.

Ascendo further objects to this request as vague and ambiguous regarding the term "list of all customers." While Plaintiff's Second Request for Production defines "customer" as "any person or entity who has contracted with Ascendo for Ascendo's placement of service providers with such person or entity," it is unclear how the term "customer" differs, if at all, from the term "client" used by Plaintiff in

---

[2] The variations were primarily to account for the defined term at issue (*i.e.*, "customer's relationship," "provider's relationship," "respective employment," "pricing schedules," "pricing data"). For some of the requests, Ascendo also made an abbreviated version of these objections. *See, e.g.*, Doc. No. 84-2, at 8-9, 13-20.

the Amended Complaint (*see* ¶ 16) as well as in Plaintiff's Amended Responses (*see* ¶ 64). In Plaintiff's Amended Responses, Plaintiff specifically identified "client contact lists" as one of the allege trade secrets that was purportedly misappropriated from National. *See* Amended Responses, ¶ 64. No "customer list" is identified anywhere in National's discovery responses as a "trade secret." Rather, in the instances when Ascendo requested that National provide documents supporting its allegation that customer lists were misappropriated, National referred to "client contact lists." *Id.* ¶¶ 91, 97. Thus, to the extent a customer list is different and distinct from a client list, which is presently unclear, Ascendo objects to this request as it is not proportional to the needs of this case as National has not provided any evidence that it possessed a customer list which was misappropriated by Ascendo.

Ascendo further objects to this request as vague and ambiguous regarding the term "list of all customers." While Plaintiff's Second Request for Production defines "customer" as "any person or entity who has contracted with Ascendo for Ascendo's placement of service providers with such person or entity," it is unclear how the term "customer" differs, if at all, from the term "client" used by Plaintiff in the Amended Complaint (*see* ¶ 16) as well as in Plaintiff's Amended Responses to Defendant's First Request for Production ("Amended Responses") (*see* ¶ 64). In Plaintiff's Amended Responses, Plaintiff specifically identified "client contact lists" as one of the allege trade secrets that was purportedly misappropriated from National. *See* Amended Responses, ¶ 64. No "customer list" is identified anywhere in National's discovery responses as a "trade secret." Rather, in the instances when Ascendo requested that National provide documents supporting its allegation that customer lists were misappropriated, National referred to "client contact lists." *Id.* ¶¶ 91, 97. Thus, to the extent a customer list is different and distinct from a client list, which is presently unclear, Ascendo objects to this request as it is not proportional to the needs of this case as National has not provided any evidence that it possessed a customer list which was misappropriated by Ascendo.

Additionally, the Amended Complaint alleges that "Ascendo began expanding its healthcare practice in approximately 2020, after it

hired Amy Costello, a former National Employee." *See* A.C. ¶ 21. Thus, to the extent this request seeks information predating Ascendo's hiring of Amy Costello in 2020, it is over broad and not proportional to the needs of this case.

Ascendo further objects to this request as over broad as it seeks discovery of documents relating to actions allegedly taken by the Individual Defendants prior to the dates on which their employment with Ascendo began, and in the case of Meadows after his employment with Ascendo ended. There is no allegation in the Amended Complaint that any of the Individual Defendants shared with Ascendo the names or addresses of National's customers and/or prospective customers, information regarding National's relationships with customers, or the service National provided to its customers. Thus, this request is over broad and not proportional to the needs of this case.

Furthermore, at most, the Amended Complaint alleges that non-party Sanchez provided information regarding National's customers to Ascendo after she was hired by Ascendo. *See* A.C. ¶ 56. However, according to the Amended Complaint, Sanchez was employed by National until August 25, 2021. *See* A.C. ¶ 77. Yet, this request seeks a list of Ascendo's customers dating back to September 2018 – three years prior to Sanchez's departure from Ascendo. There is no allegation in the Amended Complaint that Sanchez provided any information to Ascendo prior to the termination of her employment with National. Thus, this request is overbroad in time and scope.

Finally, Ascendo objects to this request as an improper fishing expedition intended by National to discover the confidential and proprietary information of Ascendo, its proclaimed competitor, under the guise of a discovery request. Ascendo has undertaken great labor to create its own customer list, which by its design and operation affords Ascendo a competitive advantage and is a protectable trade secret. National has not identified with reasonable particularity the nature of any customer list as a trade secret nor established that it exists, and therefore National is not entitled to the discovery it seeks. *See Revello Med. Mgmt.*, 50 So.3d at 680 (holding Med-Data was not entitled to discover the computer source code used in Revello's program where Med-Data had neither identified with reasonable

particularity the nature of its claimed trade secret nor established that it exists").

Doc. No. 84-2.

For the Second RFPs that requested financial information, Ascendo further objected on the basis that its finances bear no relevance to any issue or claim in the case, and there is no claim for punitive damages. *Id.*, at 8, 11-12. And for the requests that related to communications referencing Plaintiff, Ascendo objected on overbreadth grounds, both as to subject matter and temporal scope. *Id.*, at 21-23. Finally, Ascendo asserted as to request nos. 18 and 19 that responsive communications may be protected by the attorney-client and work product privileges. *Id.*, at 21-22.

On April 29, 2025, Plaintiff filed the above-styled motion, seeking an Order overruling Ascendo's objections and compelling production with respect to Plaintiff's Second RFPs. Doc. No. 84; *see also* Doc. Nos. 84-1, 84-2. Plaintiff again takes issue with Ascendo's objections, but unlike the first motion to compel, Plaintiff now addresses each objection to avoid waiver. Doc. Nos. 84, 92. Plaintiff also contends that Ascendo has failed to comply with Federal Rule of Civil Procedure 34 and the Middle District of Florida Civil Discovery Handbook because Ascendo has not stated what responsive materials it has withheld on the basis of any particular objection, has not filed a privilege log, and has not unilaterally

narrowed Plaintiff's RFP's and produced documents in response to Ascendo's narrowed interpretation.   Doc. No. 84, at 1-2; Doc. No. 92, at 1-5.   Ascendo opposes, standing by its objections that Plaintiff's RFPs are grossly overbroad, constitute a fishing expedition, and that Ascendo cannot produce documents when Plaintiff continues to refuse to identify with any particularity the trade secrets at issue.   Doc. No. 93.

Upon consideration, the Court agrees with Ascendo.   Once again, Plaintiff has served patently overbroad requests for production.   Specifically, Plaintiff seeks the identity of and information relating to *all* of Ascendo's customers, *all* of Ascendo's providers, *all* of Ascendo's financial information, and *all* of Ascendo's communications with the other Defendants and/or with any customer or provider of Ascendo that even mentions Plaintiff's name, which includes any communications that simply contain the word "national."   Doc. No. 84-1. Plaintiff makes no attempt to connect any of its Second RFPs to any of the claims or defenses at issue in this case – Plaintiff just wants access to everything without meeting its burden of establishing the relevancy of such broad requests.[3]   *See*

_____

[3]  The only attempt Plaintiff makes to argue relevancy is that "Ascendo's healthcare business clients/customers/providers/clinicians must be produced to identify the overlap with National's in order to determine whether Ascendo's business relationships with these parties were initiated or advanced using National's data.   Actual responses will illuminate this issue."   Doc. No. 84, at 3.   *See also* Doc. No. 92 at 4 ("The Requests are

*Pediatric Servs. of Am., Inc. v. Kendrick*, No. 3:18-cv-1372-RV-CJK, 2019 WL 580786, at *2 (N.D. Fla. Jan. 17, 2019) (sustaining overbreadth and relevancy objections to request seeking all of defendant's employees who performed services in a specific geographic area, without any other limitations; particularly where plaintiff did not address the relevancy of the information in its motion to compel, but only focused on rebutting defendants' objections).   And while Plaintiff has agreed to narrow the temporal scope to 2020 to the present, *see* Doc. No. 84, at 3 and Doc. No. 92, at 4, this does not cure the overbreadth of the Second RFPs as to subject matter, for which Plaintiff has made no effort to narrow.

As the Court previously explained to Plaintiff, such patently overbroad RFPs fail to survive Rule 26(b) scrutiny, and as such Ascendo's objections on the basis of overbreadth are sustained.   *See* Doc. No. 82, at 4-5.   *See also Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-cv-1590-PGB-LHP, 2022 WL 19355853, at *5, 8 (M.D. Fla. Sept.

───────────────────

relevant to the claims asserted as they will identify clients and healthcare providers that the Individual Defendants may have taken from Plaintiff to Ascendo, or whom such Individual Defendants may have solicited for Ascendo using information taken from Plaintiff.").   But these explanations in themselves establish the "fishing expedition" nature of Plaintiff's Second RFPs.   Simply put, Plaintiff wants access to the entirety of Ascendo's customer, provider, and financial data in the hopes that after culling through it, Plaintiff will find some sort of connection to its claims.   In the absence of any legal authority suggesting that such broad discovery is appropriate, the Court is not willing to say as much here.   *See Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition.").

12, 2022) (denying in part motion to compel where requests for production were patently overbroad where some provided no temporal scope, and some provided no limitations as to subject matter); *Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery" and further noting that requests for "'all documents' at the outset of each request lacks proportionality and arguably captures a host of documents and communications that would have little to no relevance to this case"); *cf. Sanibel Beach Front Condos LLC v. Sanibel Arms Condo. Ass'n, Inc.*, No. 2:19-cv-557-FtM-29NPM, 2020 WL 4741101, at *2 & n.1 (M.D. Fla. Jan. 8, 2020) (denying motion to compel even where all objections were waived when the discovery requests did not meet relevance and proportionality requirements, as the requests sought "all" documents and contracts and were not narrowed to relate to the claims or defenses raised in the case).

While the Court need not address Ascendo's other objections, there is one other point of contention that merits brief discussion. Ascendo argues that it cannot respond to the Second RFPs because Plaintiff has refused to provide a sufficient description of the trade secrets at issue. Doc. No. 93. For its part, Plaintiff argues that it already sufficiently pleaded its trade secrets, which the

Presiding District Judge found sufficient to survive Defendants' motion to dismiss. Doc. No. 92, at 6; *see also* Doc. No. 59.   Plaintiff further contends that Ascendo is holding hostage its discovery until Plaintiff proves that specific documents actually represent valid and existing trade secrets.   Doc. No. 92, at 5.

The Court disagrees with Plaintiff.   The Court does not read Ascendo's objections or response to mean that Plaintiff must first prove the existence of valid trade secret(s) prior to producing any discovery.   Rather, as the cases Ascendo references state, Plaintiff must merely "identify with reasonable particularity the trade secrets at issue before proceeding with discovery."   *DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 848 (11th Cir. 2016) (quoting *AAR Mfg., Inc. v. Matrix Composites, Inc.*, 98 So. 3d 186, 188 (Fla. Dist. Ct. App. 2012)); *see also Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. Nov. 20, 2008) ("It is axiomatic that a party may not assert a cause of action for misappropriation of trade secrets without identifying for the opposing party the trade secrets at issue.").   Whether any of Plaintiff's alleged trade secrets actually constitute valid and existing trade secrets is an issue for another day.   However, even under the liberal relevancy standard, in order to move forward with discovery, Ascendo (and the Court) must have some idea as to what Plaintiff believes its trade secrets to be.

To date, the only trade secrets Plaintiff or Ascendo have pointed to are "various lists of National's healthcare providers and customers," *see* Doc. No. 43,

¶¶ 15-16, 58; Doc. No. 59, at 15, and "the Provider Timecard," "client contact lists," and "email templates."   Doc. No. 84-2, at 3.   However, these vague descriptions are insufficient to satisfy the requirement of identifying Plaintiff's trade secrets "with reasonable particularity."   *See, e.g.*, *US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*, No. 6:22-cv-2338-CEM-DCI, 2023 WL 11693750, at \*2-3 (M.D. Fla. Dec. 12, 2023) (finding vague references to "all engineering and design details" or "engineering plans" for certain Polercoaster projects "too broad and too vague to identify trade secrets with any reasonable particularity"); *Del Monte Fresh Produce Co. v. Dole Food Co. Inc.*, 148 F. Supp. 2d 1322, 1325 (S.D. Fla. 2001) (finding that plaintiff's descriptions of the trade secrets at issue were insufficient to meet the reasonable particularity standard); *see also Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2017 WL 10084904, at \*2 (M.D. Fla. Sept. 27, 2017) (finding that with regard to Florida Uniform Trade Secrets Act and Defend Trade Secrets Act claims, "[t]he level of specificity necessary for discovery responses is entirely different from the level necessary to state a claim").

Even if the Court were to find Plaintiff's descriptions to meet the reasonable particularity standard, none of the Second RFPs reference any of these identified trade secrets, and instead simply request all of Ascendo's information without limitation.   The Court considered whether it was possible to narrow the Second RFPs to limit them to these trade secrets, but found that this would require

wholesale redrafting of the discovery requests, which is not appropriate. *See Kyles v. Health First, Inc.*, No. 6:09-cv-1248-Orl-28GJK, 2010 WL 11626712, at *2 n.2 (M.D. Fla. Sept. 27, 2010) ("It is not the trial court's responsibility to redraft, rewrite or narrow a discovery request which on its face is patently overbroad or vague." (citation omitted)); *see also Mey v. Interstate Nat'l Dealer Servs., Inc.*, No. 1:14-cv-01846-ELR, 2015 WL 11257059, at *2 (N.D. Ga. June 23, 2015) ("While the Court is mindful that discovery is intended to be an open process, so as to better facilitate the free flow of information between litigants, parties are not permitted to go on 'fishing expeditions' which extend beyond the legitimate scope of discovery.").[4]

## III.   CONCLUSION

To be sure, Plaintiff is entitled to discovery, and the standard of relevancy is a liberal one.   However, in this case, Plaintiff has served RFPs that are simply so

---

[4] The Court is not persuaded by Plaintiff's citation to *US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*, No. 6:22-cv-2338-CEM-DCI, 2023 WL 5938354, at *1 (M.D. Fla. Sept. 12, 2023).   In that decision, United States Magistrate Judge Daniel C. Irick denied in part the motion to compel without prejudice due to insufficient briefing on the matter and directed the parties to confer over a 30-day period prior to filing any renewed motions. The parties were unable to agree, and defendants moved for a protective order requiring plaintiff to identify with reasonable particularity the trade secrets at issue prior to engaging in discovery – a request that Magistrate Judge Irick *granted* as to the Florida Uniform Trade Secrets Act claim.   *US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*, No. 6:22-cv-2338-CEM-DCI, 2023 WL 11693750, at *2 (M.D. Fla. Dec. 12, 2023).

overbroad as to fall outside that liberal standard.    Accordingly, Plaintiff's motion

(Doc. No. 84) is **DENIED**.[5]

      **DONE** and **ORDERED** in Orlando, Florida on May 19, 2025.

                        LESLIE HOFFMAN PRICE
                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

    [5] Given the circumstances and procedural posture of the litigation, Ascendo's request for fees is also denied.    *See* Fed. R. Civ. P. 37(a)(5)(B).