# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS, INC.,

      Plaintiff,

v.                                     Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY COSTELLO, KRISTOFER MUNCH, STEVEN MEADOWS, JACYLYN ATCACHUNAS, MICHAEL FOOR and BENJAMIN BENAMI,

      Defendants

---

## ORDER

Before the Court is Defendant Ascendo Resources LLC's Short-Form Motion for Protective Order. Doc. No. 100. Plaintiff opposes. Doc. No. 101. On review, the motion (Doc. No. 100) will be **DENIED**.

The motion relates to the corporate representative deposition for Defendant Ascendo Resources, LLC ("Ascendo"), which deposition Plaintiff unilaterally scheduled for the last day of discovery—May 30, 2025. Doc. No. 100-1. Ascendo complains that Plaintiff waited until the eleventh hour to schedule the deposition (noticed May 16, 2025), Plaintiff set the deposition for the last day of discovery over

Ascendo's objection, Ascendo's lead counsel are not available on that day, it is unreasonable to expect Ascendo's corporate representative to be prepared for such deposition given that Plaintiff has noticed 77 topics with only 14 days' notice, and the parties are conducting several other depositions in this case leaving insufficient time to prepare the witness. Doc. No. 100. So, Ascendo seeks a protective order preventing the deposition from going forward. *Id.*

None of these provide a basis for Ascendo's request for a protective order, nor does Ascendo provide citation to any legal authority demonstrating that they do. *See id.* Indeed, there is no dispute that Plaintiff has complied with the notice requirements of Local Rule 3.04. Insofar as Ascendo asserts that "lead trial counsel are not available" on May 30, 2025, Ascendo provides no detail, and the Court notes that Ascendo has four (4) attorneys of record in this case. Moreover, as Plaintiff argues, Ascendo has not established that the breadth of topics alone would provide a basis for a protective order. *Cf. Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6064644, at *3 (M.D. Fla. Feb. 11, 2020) ("Although the Court does find the topics listed in the Notice of Deposition to be voluminous, Allstate has not cited to any legal authority – and the Court has not located any – limiting the number of topics that may be listed."). And the Court is unpersuaded that the parties' decision to wait until the end of discovery to complete depositions provides a basis for a protective order preventing another. *Cf. Giannerini v. Embry-*

*Riddle Aeronautical University, Inc.*, No. 6:22-cv-02075-RBD-LHP, Doc. No. 91 (M.D. Fla. Jan. 22, 2024) ("Defendant cites to no legal authority demonstrating that a protective order is warranted when a party fails to provide more than fourteen (14) days. Nor does the parties' decision to wait until the eleventh hour to schedule a substantial portion of the depositions in this case persuade the Court that good cause exists to issue a protective order." (citations omitted)).

Accordingly, absent legal authority to support Defendant's position, Defendant's motion (Doc. No. 100) is **DENIED**.

That said, the Court notes Plaintiff's statement that counsel "remains amenable to a later deposition date of June 6, or June 13, 2025, if the discovery window is extended until that time." Doc. No. 101, at 2. The Court directs the parties' attention to the Middle District of Florida Civil Discovery Handbook, which provides that "[c]ounsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date." Middle District Discovery (2021) § (I)(F).

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties