UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS,
INC.,

        Plaintiff,

v.                                                                                    Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY
COSTELLO, KRISTOFER MUNCH,
STEVEN MEADOWS, JACYLYN
ATCACHUNAS, MICHAEL FOOR
and BENJAMIN BENAMI,

        Defendants

---

## ORDER

Before the Court is Plaintiff's Short Form Motion for Sanctions, which relates to the deposition of Defendant Ascendo Resources LLC's ("Ascendo") corporate representative.  Doc. No. 104.  Ascendo responds in opposition.  Doc. No. 111. Also before the Court is Ascendo's Motion for Reconsideration of Order Denying Ascendo's Short-Form Motion for Protective Order [D.E. 102].  Doc. No. 112. Although the time for responses has not yet elapsed, Local Rule 3.01(c), the Court does not require a response to rule on the motion for reconsideration.  For the reasons set forth herein, Ascendo's motion for reconsideration (Doc. No. 112) will

be **DENIED**, and Plaintiff's motion for sanctions (Doc. No. 104) **GRANTED in part and DENIED in part**.

Both motions center around the Court's May 28, 2025 Order, in which the Court denied Ascendo's motion for protective order related to the Fed. R. Civ. P. 30(b)(6) deposition of its corporate representative, which Plaintiff had noticed for the last day of discovery – May 30, 2025. Doc. No. 102; *see also* Doc. No. 100. The Court denied the motion because (1) Plaintiff had complied with the deposition notice requirements of Local Rule 3.04; (2) while Ascendo's "lead trial counsel" was not available, Ascendo had four (4) attorneys of record and there was no mention of their availability; (3) while the breadth of the topics set forth in Plaintiff's deposition notice were voluminous, Ascendo did not establish that this alone was a basis for a protective order; and (4) waiting until the end of the discovery period to complete depositions did not provide a basis for a protective order preventing a deposition from going forward. Doc. No. 102, at 2-3.

With respect to the motion for reconsideration (Doc. No. 112), which was filed five (5) days after the noticed deposition date, Ascendo reiterates and expands upon the arguments it raised in its motion for protective order, and which the Court considered. *See* Doc. Nos. 100, 102. Specifically, Ascendo details the efforts it undertook to engage in discovery over the 18-month discovery period, Plaintiff's lack of diligence in doing the same, and the voluminous nature of the topics listed

on Plaintiff's notice for Ascendo's corporate representative deposition. Doc. No. 112, at 1-7. Ascendo further explains that all four (4) of its named attorneys were unavailable for the May 30, 2025 deposition. *Id.*, at 5-6.

Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted). None of these exist here. The arguments Ascendo raises merely provide additional details that Ascendo could – and should – have provided in its original motion, and failure to do so does not warrant reconsideration, but would simply give Ascendo a second bite at the apple. *See Adams v. Boeneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020) ("Motions for reconsideration should not be used to raise arguments which could, and should, have been previously made. Stated differently, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration. To permit otherwise

would essentially afford a litigant two bites at the apple." (citations and quotation marks omitted)).

The Court is also unpersuaded by Ascendo's assertion that it did not "fully apprise" the Court of all of the facts and circumstances surrounding discovery and the availability of its attorneys due to the Court's Standing Discovery Order. *See* Doc. No. 112, at 6. The Standing Discovery Order expressly authorizes additional briefing upon request, and Ascendo never made such a request. *See* Doc. No. 47, ¶ 7; Doc. No. 100.[1] Accordingly, Ascendo's motion for reconsideration (Doc. No. 112) is **DENIED**.

Next, the motion for sanctions. Doc. No. 104. Plaintiff claims that despite the Court's Order denying Ascendo's motion for protective order, Ascendo did not appear for the May 30, 2025 corporate representative deposition. Doc. No. 104. Plaintiff contends that Ascendo's conduct is "particularly egregious" because even if the parties were to agree to conduct the deposition after the close of discovery, Plaintiff is now "deprived of the right to depose Ascendo with the backing of the Court's authority to resolve any potential dispute." *Id.*, at 2-3. Accordingly, Plaintiff requests an order: (1) compelling Ascendo to appear for a corporate representative deposition at a place, time, and date convenient to Plaintiff, with

---

[1] The Court further notes that Ascendo has requested additional briefing in relation to other discovery issues, so Ascendo is well aware that it had this option. *See* Doc. Nos. 106, 111.

Ascendo bearing all associated costs; (2) awarding Plaintiff its fees and costs incurred from Ascendo's failure to appear at the May 30, 2025 deposition; and (3) extending the discovery period until the corporate representative deposition concludes. *Id.*, at 3.

In response, Ascendo argues that its non-appearance at the May 30, 2025 deposition was substantially justified because its counsel was unavailable and because the parties agreed to hold June 6, 2025 for the corporate representative deposition. Doc. No. 111. Ascendo reiterates that Plaintiff had the entire 18-month discovery period during which to conduct discovery, but chose to wait until 15 days before the close of discovery to notice the corporate representative deposition with 77 topics and when 12 other depositions were already scheduled between May 21-29, 2025. *Id.*, at 2. Ascendo further states that Plaintiff was well aware that all four (4) of Ascendo's counsel were not available on May 30, 2025, and that Ascendo was willing to reschedule the corporate representative deposition to a later date, specifically June 6, 2025, but that Plaintiff chose to "weaponize" counsels' unavailability to obtain sanctions and to circumvent the discovery deadlines. *Id.*, at 2-3.[2]

---

[2] Ascendo requests additional briefing, *see* Doc. No. 111, at 3; Doc. No. 47, ¶ 7, however the Court does not require such briefing to rule on Plaintiff's motion.

Upon consideration, the Court finds that neither party has clean hands. For its part, and as discussed above, Ascendo sought relief from the Court in the form of a protective order, which the Court denied, and then unilaterally chose not to appear rather than first seek any other relief from the Court. On the other hand, the Court agrees that Plaintiff has had more than ample time to engage in discovery in this case, and instead chose to wait until the literal eleventh hour to notice the corporate representative's deposition, at a time when Plaintiff was well aware that 12 other depositions had been already scheduled, and the Court had previously denied Plaintiff's request to extend the discovery deadline due to a failure to establish good cause and diligence. *See* Doc. No. 97. Moreover, Plaintiff's cries of prejudice are unpersuasive – had Plaintiff noticed Ascendo's corporate representative deposition at any earlier point in time during the 18-month discovery period, Plaintiff would have had "the backing of the Court's authority" for any speculative disputes, and the Court will not extend the discovery period as a reward for Plaintiff's lack of diligence.

Accordingly, Plaintiff's motion for sanctions (Doc. No. 104) is **GRANTED IN PART AND DENIED IN PART**. The motion (Doc. No. 104) is **GRANTED** to the extent that the parties shall schedule Ascendo's corporate representative deposition to take place on or before **June 20, 2025.** The parties shall file a joint notice with the Court by **5:00 p.m. on Monday, June 9, 2025** detailing the date, time, and

location of the deposition.  Failure to do so will result in the Court unilaterally setting the deposition at a date, time, and location convenient to the Court. Ascendo is **ORDERED** to pay to Plaintiff its reasonable fees and costs associated solely with Plaintiff's and its counsel's appearance at the May 30, 2025 deposition, to include the court reporter fee.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i).  Within **seven (7) days** of the date of this Order, the parties shall meet and confer in an attempt to agree upon that amount and file a joint notice with the Court that same day.  If the parties are unable to agree on an amount, Plaintiff may file a properly supported motion for its fees and costs associated solely with its appearance at the May 30, 2025 deposition on or before **June 20, 2025**.  In all other respects, Plaintiff's motion (Doc. No. 104) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on June 5, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties