# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS, INC.,

    Plaintiff,

v.     Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY COSTELLO, KRISTOFER MUNCH, STEVEN MEADOWS, JACYLYN ATCACHUNAS, MICHAEL FOOR and BENJAMIN BENAMI,

    Defendants

## ORDER

This cause comes before the Court following a hearing on Plaintiff's Short-Form Motion to Overrule Objections and Compel Responses and Production of Responsive Documents by Ascendo Resources, LLC to Plaintiff's Third Requests for Production (Doc. No. 103) and Ascendo Resources, LLC's Motion to File Under Seal Documents in Support of its Response to Plaintiff's Motion to Compel (Doc. No. 107).  Doc. Nos. 121, 126.  This Order memorializes rulings made at the hearing.

Accordingly, pursuant to the discussion with counsel and for the reasons set forth on the record at the hearing, it is **ORDERED** as follows:

1. Ascendo Resources, LLC's Motion to File Under Seal Documents in Support of its Response to Plaintiff's Motion to Compel (Doc. No. 107) is **GRANTED.** As discussed at the hearing, given that this is a discovery-related dispute and having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court finds good cause for the exhibits submitted to the Court, *see* Doc. Nos. 107-4, 121-122, to remain under seal for discovery purposes, and for consideration in resolution of Plaintiff's Motion to Compel (Doc. No. 103) alone.  *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access . . . .").  However, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the information is not properly subject to sealing.   Otherwise, this seal shall not extend beyond ninety (90) days after the case is closed and all appeals exhausted.  *See* Local Rule 1.11(e).   As discussed with the parties at the hearing, nothing in this Order shall be construed as a ruling on the substantive merits of any trade secret claim.

2. Plaintiff's Short-Form Motion to Overrule Objections and Compel Responses and Production of Responsive Documents by Ascendo Resources, LLC to Plaintiff's Third Requests for Production (Doc. No. 103) is **GRANTED in part and DENIED in part** as follows:

a. Within **fourteen (14) days** of the date of this Order, Ascendo Resources, LLC shall produce to Plaintiff, in response to Requests 1-10, all communications (including emails and text messages) as well as the documents otherwise specifically delineated in Requests 1-10 between Ascendo Healthcare Staffing, LLC and/or the named Defendants (Amy Costello, Jaclyn Atcachunas, Michael Foor, Benjamin Benami, Steven Meadows, and Kristopher Munch) and any agent or person identified by name or the facilities listed on the Spreadsheet labeled National – 0729792 from the Sanchez Documents.  Production is limited to the time period of January 1, 2021 to present.

b. The motion is **DENIED in all other respects**.

3. Except as otherwise set forth herein, no case deadlines are extended by this Order, and this Order (including document production therefrom) will not provide a basis for a request for an extension of any remaining deadlines in this case.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 4 -