UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING
SOLUTIONS, INC.,

      Plaintiff,

vs.                                  CASE NO.: 6:23-cv-01542-CEM-RMN

ASCENDO RESOURCES, LLC,
AMY COSTELLO, KRISTOFER
MUNCH, STEVEN MEADOWS,
JACLYN ATCACHUNAS,
MICHAEL FOOR and BENJAMIN
BENAMI,

      Defendants.
_____/

**DEFENDANTS, STEVEN MEADOWS' AND ASCENDO RESOURCES, LLC'S, MOTION TO STRIKE PLAINTIFF'S SHORT FORM MOTION FOR SPOLIATION SANCTIONS AGAINST DEFENDANTS STEVEN MEADOWS AND ASCENDO RESOURCES, LLC (DOC. NO. 127)**

Defendants, Steven Meadows and Ascendo Resources, LLC (collectively "Defendants"), hereby move to strike Plaintiff's Short Form Motion for Spoliation Sanctions Against Defendants Steven Meadows and Ascendo Resources, LLC (the "Motion"). In support of the foregoing, Defendants state:

1. On June 25, 2025, Plaintiff filed a short-form discovery motion seeking sanctions due to spoliation. *See* Motion (Doc. No. 127). Plaintiff's Motion seeks relief under Federal Rule of Civil Procedure 37(e), which permits courts to impose

sanctions for a failure to preserve electronically stored information. Importantly, this rule relates to the failure to make disclosures or to cooperate *in discovery*, and allows a party to move for order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a)(1).

2. Discovery in this matter closed on May 30, 2025. *See* Case Management and Schedule Order (Doc. No. 45).

3. Plaintiff's Motion primarily relies upon interrogatories answered by Defendant Ascendo on May 3, 2024, and testimony from Defendant Meadows who was deposed on May 29, 2025. Yet, approximately a year after Ascendo provided its interrogatory responses and a month after taking Defendant Meadow's deposition, *and after* the close of discovery, Plaintiff now untimely files its Motion seeking to impose discovery sanctions against Defendants.

4. Additionally, Plaintiff asserts the duty to preserve arose from a "prior lawsuit" wherein it subpoenaed the information in July 2022, but it fails to disclose that Defendants were not parties to said "prior lawsuit". Notably, Plaintiff does not allege that Defendants failed to comply with its subpoena and it is presumed that Plaintiff already possesses said information provided by Defendants therein. Plaintiff's complaint, now about a purported obligation from July 2022, is equally untimely. Importantly, Plaintiff fails to show that this Court has jurisdiction to

enforce or sanction Defendants over an alleged duty that Plaintiff claims arises out of another case wherein Defendants were not parties.

5. As this Court has noted multiple times, Plaintiff has had ample time to conduct discovery and bring to the Court any unresolved discovery issues. *See* Order filed on May 5, 2025 (Doc. No. 97); Order filed on June 5, 2025 (Doc. No. 114). Plaintiff's litigation tactic – to delay discovery up until the last two weeks – does not afford them the right to file untimely motions.

6. As such, Plaintiff's Motion is an untimely discovery motion and should be stricken. *C.f. Caloggero v. Carnival Corporation*, Case No. 23-22938-Civ-BLOOM/TORRES, 2024 WL 5375600, *3 (S.D. Fla. Aug. 14, 2024) (denying defendant's spoliation motion "as an untimely raised discovery dispute in violation of the Court's Scheduling Order"); *Securities and Exchange Commission v. North American Clearing, Inc.*, Case No.: 6:08-cv-829-Orl-MSS-KRS, 2010 WL 11519625, *2 (M.D. Fla. May 3, 2010) (denying defendant's discovery motions filed after the close of discovery as untimely due to, among other things, defendant's failure to investigate the purported spoliation during the discovery period).

WHEREFORE, Defendants respectfully request that the Court enter an Order striking Plaintiff's Motion, and for any other, further relief as the Court may deem just and equitable.

## CERTIFICATE OF CONFERRAL

The Parties conferred by email and phone on June 30, 2025. National opposes the relief being sought in Ascendo's Motion to Strike.

Dated: June 30, 2025

/s Lan Kennedy-Davis
LAN KENNEDY-DAVIS
Florida Bar No.: 534021
E-mail: lkennedy@rumberger.com
SUZANNE BARTO HILL
Florida Bar No.: 0846694
E-mail: shill@rumberger.com
SAMANTHA C. DUKE
Florida Bar No.: 0091403
E-mail: sduke@rumberger.com
SARA LEWIS KALLOP
Florida Bar No.: 1018619
E-mail: skallop@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 / Fax: 407.841.2133
Attorneys for Defendant, Ascendo Resources, LLC and Steven Meadows

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing via email to all counsel of record.

/s Lan Kennedy-Davis
LAN KENNEDY-DAVIS
Florida Bar No.: 534021
E-mail: lkennedy@rumberger.com
SUZANNE BARTO HILL
Florida Bar No.: 0846694
E-mail: shill@rumberger.com
SAMANTHA C. DUKE
Florida Bar No.: 0091403
E-mail: sduke@rumberger.com
SARA LEWIS KALLOP
Florida Bar No.: 1018619
E-mail: skallop@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 / Fax: 407.841.2133
Attorneys for Defendant, Ascendo Resources, LLC