UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS,
INC., a Florida corporation,

    Plaintiff,

v.                                  Case No. 6:23-cv-01542-CEM-LHP

ASCENDO REOURCES LLC, et al.

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
MAGISTRATE JUDGE'S ORDER (Doc. 130)**

Plaintiff, NATIONAL STAFFING SOLUTIONS, INC. ("National"), moves the Court for reconsideration of the Order Denying Plaintiff's Motion to Compel Continued Deposition of the Corporate Representative of Ascendo Resources LLC, Doc. 130 ("Order") and the underlying motion.

Defendant Ascendo Resources LLC ("Ascendo") failed to appear at a properly noticed corporate representative deposition within the discovery period. National was forced to seek relief from the Court compelling the deposition. The Court ordered Ascendo to present a witness, notwithstanding that the deposition would occur after the discovery period had ended. Ascendo "complied" with the court's direction by producing a woefully unprepared witness. As a result, National moved to compel a continued deposition with a properly prepared witness. This motion was denied as untimely because the discovery period had closed.

1

A motion for reconsideration of an interlocutory order is properly made where, as here, reconsideration is necessary to rectify clear error and to prevent manifest injustice. The standard on a motion to reconsider an interlocutory order is far more relaxed than the standard in respect of a final order. Here, reconsideration is appropriate. In making its ruling, the Court focused entirely on the fact that the discovery deadline had passed and that the compelled deposition would be after the close of discovery. The Court, however, failed to consider that the timing was the direct cause of Ascendo's willful failure to appear (twice) for this deposition and the fact that the Court compelled the initial deposition to take place after the discovery period. Permitting Ascendo to delay a key deposition until after the close of fact discovery, after being compelled to sit, and then functionally skipping the deposition by presenting a witness that was not truly prepared to speak on a number of noticed topics would work a manifest injustice. Parties cannot be permitted to use gamesmanship to run out the clock and avoid key discovery obligations.

## **BACKGROUND**

This case involves Ascendo's theft of employees, documents, and confidential information from National. National timely noticed the deposition of Ascendo's corporate representative under Rule 30(b)(6) for May 30, 2025, prior to the close of fact discovery. Doc. 104-1. Ascendo sought a protective order seeking to prevent this deposition. Doc. 100. National opposed the protective order. Doc. 101. On May 28, 2025, after acknowledging that National's notice of the deposition

was timely under the Local Rules, the Court denied Ascendo's motion for protective order and directed the deposition to proceed. Doc. 102.

Despite this order, Ascendo did not appear on May 30th. Doc. 104-2. National was then forced to move to compel Ascendo to produce a corporate representative for deposition and requested the Court retain jurisdiction to entertain any discovery disputes. Doc. 104. The Court granted this motion in part and directed the parties to set a deposition for Ascendo's corporate representative. Doc. 114. This order also denied Ascendo's request for reconsideration of the denial of a protective order. *Id.*

Because of Ascendo's failure to appear and time spent on subsequent motion practice, the deposition necessarily had to take place after the May 30, 2025 deadline for completing fact discovery. Doc. 45 at 2. The corporate representative deposition was reset for June 20, 2025. Doc. 116. This gave Ascendo and its counsel three additional weeks to adequately prepare the corporate witness.

Ascendo utterly failed to prepare its corporate representative. National identified 77 topics for the deposition. Exhibit A, Deposition of Eugene Holzer ("Holzer Dep.") 15:3-4, Ex 1. The witness testified he spent a total of three hours preparing. Holzer Dep. 141:2-143:19. Simple math reveals Ascendo's corporate representative spent 2.3 minutes preparing for each topic, which is an obviously insufficient amount of time. Holzer Dep. 141:2-143:19. This lack of preparation is evident in the witness's responses. The witness answered with variants of "I don't

3

know" over 300 times and a form of "I don't recall" an additional 45 times.[1]

The witness also outright refused to answer questions concerning Ascendo's finances. Holzer Dep. 312:5-12, 320:15-18, 321:11-19, 322:20-323:23. This topic was noticed for the deposition and bears on issues in this case including but not limited to damages. The witness did not assert any privilege as to this line of questioning.[2] Holzer Dep. 324:4-15.

Because the deposition testimony was wholly inadequate, National filed a Motion to Compel Continued Deposition of Ascendo's Corporate Representative on June 25, 2025 (the "Motion"). Doc. 128. Though the Court was seemingly aware of the circumstances that led to the deposition occurring after the close of discovery, the Court denied the Motion as untimely. Doc. 130.

The Order failed to consider that good cause existed for extending the time to file a motion to compel as to the specific matter of Ascendo's corporate representative deposition. Accordingly, National asks that the Court reconsider the Order and grant National's Motion.

## **MEMORANDUM OF LAW**

Rule 54(b) of the Federal Rules of Civil Procedure (the "Federal Rules") provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than

---

[1] National has not filed the entirety of the transcript showing each of these responses in the interest of brevity. Should the Court desire the full transcript, National will gladly provide it.

[2] National notes that counsel for Ascendo made clear on the record that the witness was not being instructed by counsel not to answer these questions. Holzer Dep. 325:5-9.

4

all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024) ("When . . . a district court enters a non-final order, it should evaluate motions to reconsider that order under the standards inherent in Rule 54(b)—plenary authority to reconsider, revise, alter[,] or amend a non-final order before the entry of final judgment.") (quotation omitted).

While motions to reconsider interlocutory orders still require a showing that that failure to reconsider will present a "manifest injustice," the showing of injustice is far more flexible than the standard under a motion to reconsider made pursuant to Rule 59(e) or Rule 60. *See, e.g.*, *Alvarez v. QPI Multipress, Inc.*, 2007 WL 1988724, 2007 U.S. Dist. LEXIS 48588 (N.D.N.Y. July 5, 2007) (granting motion to reconsider partial summary judgment where one page of expert report was inadvertently omitted from plaintiff's submission, notwithstanding that all information was available elsewhere in the filings, holding reconsideration appropriate "in an abundance of caution and in order to prevent any manifest injustice that might result from the Court's failure to examine all of the relevant information").

Motions to reconsider interlocutory orders are also appropriately granted where a court's initial order fails to consider key timing issues surrounding the order. *See, e.g.*, *Hooks v. Baldwin*, 2024 WL 4876938, at *2, 2024 U.S. Dist. LEXIS

212986 (M.D. Ala. Nov. 22, 2024) (granting a motion for reconsideration under Rule 54(b) where the movant demonstrated that the court's prior order, dismissing all claims against one defendant as time-barred, was error because those claims had been tolled by Alabama law).

**I.    The Motion Was Meritorious and Should be Granted To Prevent Manifest Injustice.**

"A corporate representative cannot be an empty suit[.]" *TASER Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2024 WL 112596, 2024 U.S. Dist. LEXIS 5070, at *5 (M.D. Fla. Jan. 10, 2024). "Concomitant with a corporation's duty to produce a responsive witness is its duty to prepare the witness so that [he or she] may give completed, knowledgeable and binding answers on behalf of the corporation." *Erenler v. TJM Props. Inc.*, Case No. 8:21-cv-0671-SDM-SPF, 2022 WL 18492699, 2022 U.S. Dist. LEXIS 236903, *14-15 (M.D. Fla. Nov. 7, 2022).

The case law holds that producing an unprepared witness "is, for all practical purposes, no appearance at all." *Cont'l Cas. Co. v. First Fin. Emple. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (quoting *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).

The general remedy for the harm created by this situation is a renewed deposition of an adequately prepared 30(b)(6) witness. *See, e.g.*, *Sftiv LLC v. Great Lakes Ins. Se.*, No. 6:23-cv-2420-ACC-RMN, 2025 U.S. Dist. LEXIS 56650, at *4 (M.D. Fla. Mar. 26, 2025) (ordering reexamination of unprepared witnesses); *Medrano v. United Holding Grp.*, No. 3:22-cv-1350-HES-LLL, 2023 U.S. Dist.

6

LEXIS 233393, at *8 (M.D. Fla. Dec. 22, 2023) (permitting reexamination of unprepared corporate representative and directing witness to review information from sources available to them).

The witness produced by Ascendo was wholly unprepared, the colloquial "empty suit." Thus, the second deposition was effectively another non-appearance. National remains entitled to a 30(b)(6) deposition and sought this in its Motion. This request remains valid and meritorious. Moreover, National is highly prejudiced by the lack of any meaningful answers from Ascendo's corporate representative. Not permitting National to obtain this testimony works an injustice that can be corrected on reconsideration.

Therefore, upon reconsidering the Order, National asks that the Motion be granted and Ascendo be compelled to produce a competent and prepared 30(b)(6) witness.

## II. The Court's Focus on the Timing of the Request Was Clear Error.

The Court's decision was driven not by the merits of the request, but on the Court's determination that the Motion was made after the close of fact discovery, and was therefore untimely. However, National could not have filed its Motion within the fact discovery period solely due to Ascendo's conduct. Had Ascendo produced a witness (even an unprepared one) at the originally noticed May 30 deposition, National would have been able to file a motion to compel within the discovery period. Instead, Ascendo flouted an order that required it to appear, forcing the deposition to be reset outside of the discovery period. Therefore, good

7

cause exists (and existed) for extending the deadline for discovery practice for this limited issue of the deposition of Ascendo's corporate representative.

Indeed, Ascendo's improper delay and stall tactics support an extension of any discovery deadlines. Federal Rule of Civil Procedure 6(b) permits a Court to extend a deadline or permit an act be done out of time for good cause shown. The party seeking the extension must show good cause and excusable neglect. *Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-cv-618-Orl-41KRS, 2015 WL 3883948, 2015 U.S. Dist. LEXIS 81997, at *16 (M.D. Fla. June 24, 2015) (Mendoza, J.).

> A determination regarding excusable neglect requires analysis of all pertinent circumstances, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at *16-17.

First, there is good cause here. Ascendo ran out the clock by refusing to produce a corporate representative, and then when it was compelled to do so, offered up a woefully underprepared witness, which all but functioned as a non-appearance. This is the definition of good cause. All National asks is that Ascendo fulfill its obligations under Rule 30(b)(6). There is no danger of prejudice in requiring a party to live up to its basic discovery obligations, particularly when it has repeatedly failed to do so.

To the extent there is any neglect here, it is entirely excusable. National timely noticed the deposition within the fact discovery period. Only after Ascendo

8

failed to appear and National had to move to compel was the deposition re-noticed for Friday, June 20. The testimony revealed the witness was not adequately prepared, and National moved to compel the continued deposition on Wednesday, June 25, a mere five days later. And given the undersigned had to request the transcript from the deposition to provide supporting evidence for the relief sought in the motion, such a delay was *de minimis*.

Further, there will be no impact on any remaining case deadlines. The parties have already filed their dispositive and *Daubert* motions consistent with the Scheduling Order. Docs. 134, 135, 138, 140. National does not intend to alter any other deadline. It simply wants to obtain Ascendo's testimony prior to trial.

The fact that the deposition and resulting Motion practice had to occur outside of the discovery period is entirely attributable to Ascendo first skipping its properly noticed deposition and then producing an unprepared witness. These actions were outside of National's control, and National has acted in good faith in trying to secure Ascendo's deposition.[3] But Ascendo ran out the clock through its strategic maneuvering, and the Court allowed this to immunize Ascendo from producing a competent witness.

In such situations, it is appropriate for the Court to consider the motion even if technically untimely. *See United States EEOC v. Qualtool, Inc.*, No. 5:21-cv-229-

---

[3] The Court noted in denying Ascendo's motion for a protective order that the scheduling of depositions near the discovery deadline was not a basis to prevent that discovery. Doc. 102 at 2-3. It follows that the original deposition date being near the close of discovery does not undermine a finding of excusable delay for purposes of the Motion.

ACC-PRL, 2022 WL 16695172, 2022 U.S. Dist. LEXIS 200752, at *11 (M.D. Fla. Nov. 3, 2022) ("Finally, it appears that Defendant, in failing to seek a protective order and finally refusing to make a Rule 30(b)(6) designation on October 2nd, is at least partially blameworthy for any delay. Thus, Plaintiff's motion is timely.").

Because both good cause and excusable neglect are present, the Court erred in denying the Motion solely based on timing grounds. Rather, the Motion should have been considered on the merits due to the known issues of this deposition.

## **CONCLUSION**

The Court erred in denying National's Motion to Compel Continued Deposition of Ascendo's Corporate Representative as untimely because good cause and excusable neglect justified extending the time to file and hear that motion on this limited issue. The Motion itself is meritorious and should be granted, allowing National the opportunity to depose a properly prepared corporate representative consistent with the discovery obligations set forth in the Federal Rules.

Therefore, National asks this Court to (i) reconsider the Order (Doc. 130) denying National's Motion and (ii) compel Ascendo to produce a properly prepared corporate representative for a 30(b)(6) deposition at a date and time to be coordinated by the parties.

Dated: July 10, 2025.

s/ Scott A. Richards
**Scott A. Richards, Esq.**
Florida Bar No. 72657
Primary: srichards@losey.law
Secondary: docketing@losey.law

10

>**Losey PLLC**
>1420 Edgewater Dr.
>Orlando, FL 32804
>Telephone: (407) 906-7389
>*Counsel for Plaintiff*

## LOCAL RULE 3.01(g) CERTIFICATE

I HEREBY CERTIFY that prior to filing this motion I conferred with counsel for Ascendo Resources LLC and the issues raised herein were not resolved.

>**s/ Scott A. Richards**
>**Scott A. Richards, Esq.**
>Florida Bar No. 72657

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of Court this 10th day of July 2025, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>**s/ Scott A. Richards**
>**Scott A. Richards, Esq.**
>Florida Bar No. 72657