UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS,
INC., a Florida corporation,

    Plaintiff,

v.                                           Case No. 6:23-cv-01542-CEM-LHP

ASCENDO REOURCES, LLC, et al.

    Defendants.
_____/

## **PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**
## **(Doc. 129)**

Plaintiff, NATIONAL STAFFING SOLUTIONS, INC. ("National"), pursuant to Federal Rule of Civil Procedure 72(a), objects in part to the Order on Plaintiff's Short-Form Motion to Overrule Objections and Compel Responses and Production of Responsive Documents by Ascendo Resources LLC ("Ascendo") to Plaintiff's Third Requests for Production, Doc. 129 ("Order") because the Magistrate Judge improperly emphasized the timing of the discovery requests and overly limited their scope, despite Ascendo's failure to provide evidence of undue burden.

This is a simple dispute that has been complicated by the gamesmanship of Defendant Ascendo Resources LLC ("Ascendo"). Both National and Ascendo are staffing companies, and this case was necessitated because Ascendo stole National's corporate documents and client lists to advance its newly formed healthcare staffing business to compete directly with National. Throughout this

1

lawsuit, National has filed several discovery motions attempting to remedy the glaring deficiencies in Ascendo's meager production. National has, thus far, resisted bringing matters before your Honor. However, this issue requires special attention.

At the center of National's allegations is the contention that Ascendo and a number of its employees are in possession of documents and information created and owned by National. National propounded targeted document requests in order to determine the full scope of Ascendo's wrongful acquisition of National's business information, and Ascendo responded with boilerplate objections. National was forced to move to overrule the objections and to compel the production of responsive documents. Doc. 103.

The Magistrate Judge denied the Motion, even though Ascendo failed to provide even a shred of evidence in support of its contention that the request was burdensome.  Indeed, the Court was cognizant that Ascendo had failed to provide any evidentiary support for its objection – repeatedly noting as much during the hearing. Instead, the Magistrate Judge apparently created a sliding scale that determined the relevance of a document request in large measure on the timing of the dispute – as opposed to whether the information sought was relevant to the matter at hand.

While National understands and appreciates the need to move cases forward, the motion, and timing, are the direct result of Ascendo's gamesmanship during production.  Ascendo cannot be rewarded for tactically avoiding reasonable

discovery requests in an attempt to "run out the clock." Moreover, Ascendo's tactics in respect of this motion cannot be viewed in a vacuum. During discovery, Ascendo destroyed evidence, failed to provide a prepared corporate representative for a deposition, and then feigned burden where none exists.[1] National is constrained to file this Motion in order to rectify this critical discovery violation and ensure that this case is fully and fairly tried on its merits.

National therefore asks that the portion of the Order denying National's motion be overruled and Ascendo be compelled to respond in full to the relevant discovery requests.

## BACKGROUND

National and Ascendo both operate in the healthcare recruiting industry. Ascendo has a long history of hiring former National employees. Ascendo's president, Amy Costello, was a former National employee – leaving National to help Ascendo form and grow her former employer's competition. Former National employee Heidi Sanchez ("Sanchez") quit her role in August 2021. After she left, she wrongfully maintained access to a Google Drive containing, among other things, documents containing National's proprietary business information and trade secrets – including but not limited to customer and provider lists, email templates, back-office documents and forms including contracts and other information (the "National Documents"). Sanchez downloaded and exported the

---

[1] Ascendo's spoliation and inadequate preparation and presentation of its corporate representative for deposition are the subject of other, pending motions.

3

National Documents without authorization. Included within the National Documents were customer, client, and healthcare candidate lists that identified nearly 250,000 valuable business relationships of National. National asserts Sanchez took these contacts, along with the balance of the National Documents to her new employer Ascendo and used them as part of her work there. Ascendo denies this.

From the outset of this dispute, National has attempted, through discovery, to ascertain the scope of Sanchez's theft and how Ascendo utilized the National Documents, including the customer names. National initially attempted to obtain this information through document requests where Ascendo would produce the identities of its customers for comparison with the National Documents. *See* Docs. 78-1; 84-1. Ascendo objected to these requests, and National was forced to move to compel production. The Magistrate Judge, however, denied National's motion to compel, determining that National's requests were too broad. The Magistrate Judge indicated that National should attempt to narrow its requests and ask for what it wanted directly.

In direct response to the Magistrate's recommendation, National propounded its Third Requests for Production to Ascendo on April 24, 2025. Doc. 103-1 ("Requests"). The Requests ask Ascendo to produce communications and transaction records between Ascendo (including its employees) and healthcare professional candidates or placement facilities identified in certain National Documents identified by Bates numbers.

4

Ascendo objected on several grounds. At issue here is the claim that requiring Ascendo to search its records for these documents would be unduly burdensome because the National Documents identify a large number of individuals and placement facilities. *See* Doc. 103-2.

National moved to overrule these objections. Doc. 103 ("Motion"). Ascendo responded, and the parties provided supplemental briefing on the matter at the direction of the Magistrate Judge (Docs. 106, 109, 115, 118) before the Magistrate Judge heard arguments from counsel on June 10, 2025 (the "Hearing"). Despite counsel for Ascendo acknowledging at the Hearing, that no inquiry had been made as what burden would actually be placed on Ascendo in responding to the Requests, the Magistrate Judge entered the Order, granting National's motion in part with respect to a mere 10 of the Requests and limited to only individual Ascendo employees named as defendants in this case. A copy of the Hearing transcript is attached as **Exhibit A** ("Hearing Tr."). This decision unduly emphasized the timing of the discovery and did not properly balance the breadth of the discovery sought against the needs and facts of this case.

The Order erroneously limited discovery to which National is entitled by reducing the burden required to sustain an objection based on the timing of the discovery and by failing to properly consider the scope of the Requests against the scope of the case. Accordingly, National objects and asks that its motion be granted in full.

5

# MEMORANDUM OF LAW

Upon objection by a party to a non-dispositive order issued by a Magistrate Judge, the District Judge shall set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

> A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.

*Fiedler v. Stacy*, No. 6:23-cv-1958-CEM-RMN, 2024 U.S. Dist. LEXIS 176603, at *3-4 (M.D. Fla. Sep. 30, 2024) (citations and quotations omitted).

## I. The Magistrate Judge Improperly Emphasized the Timing of the Requests.

At the hearing, the Magistrate Judge focused on the fact that National served the Requests near the close of discovery. Hearing Tr. 31:22-32:8, 32:19-33:3, 34:12-13, 42:19-23. This inquiry placed a heightened burden on National to justify its discovery was "allowed" late in the discovery period.[2] This was improper for three reasons.

First, it is well established that the burden of avoiding discovery is on the party making the objection. *Davis v. State Farm Mut. Auto. Ins. Co.*, 347 F.R.D. 370, 372 (M.D. Fla. 2024) ("the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted.") (quotations

---

[2] It is not disputed that the Requests were timely. *See* Case Management and Scheduling Order (Doc. 45), at 2 ("Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline."). The Requests were served on April 24, 2025 (*see* Doc. 103-1) with responses served on May 27, 2025 (*see* Doc. 103-2), which was before the close of fact discovery on May 30, 2025. Doc. 45, at 2.

omitted). All that the propounding party must do is show that the information sought is relevant. *Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6882166, 2020 U.S. Dist. LEXIS 222068, at *10 (M.D. Fla. Oct. 16, 2020).

The Requests were relevant, at minimum, to National's trade secret misappropriation claims. National has asserted its client lists, customer lists, and healthcare provider lists are trade secrets. As the Magistrate Judge properly noted, whether or not these lists are trade secrets is a question of fact that cannot be resolved on a discovery motion. Hearing Tr. 27:21-28:2. Therefore, National may obtain documents in discovery that would evidence Ascendo's use of the stolen lists, which National asserts as trade secrets.

Once the threshold of relevance was established, the burden should have been placed on Ascendo to show why the discovery should have been avoided. However, the Magistrate Judge required National to justify its discovery was permitted based on when it was served. *See, e.g.*, Hearing Tr. 34:12-13. Imposing this additional hurdle on National as the party seeking discovery departed from the case law and relieved Ascendo of its burden to show the discovery should not be permitted. This renders the Order contrary to law, and National asks it be overruled.

Second, whether a discovery request is objectionable is not evaluated based on when during the discovery period a request was made. As noted above, there is no dispute that the Requests were timely and served within the fact discovery

7

period. *See* note 1, *supra*. And no authority holds that a discovery request is unduly burdensome or overbroad if served with six weeks left in the discovery period, but the same request would not be unduly burdensome or overbroad if served earlier. More simply, a request served within the discovery period is either objectionable or it isn't. The Magistrate Judge erred by applying a test that requests made near the close of discovery are subject to a lower standard to establish objections such as undue burden or overbreadth.

Third, the Magistrate Judge's focus on timing of the Requests appears to ignore Ascendo's previous refusals to produce documents and National's efforts to follow the Court's rulings on the phrasing of discovery requests. National first asked for Ascendo's customer and client lists, along with lists of provider candidates, in February 2024. Doc. 78-1. National intended to compare the produced lists with the National Documents to identify overlapping customers, clients, or providers for further inquiry. Ascendo refused to produce anything in response to these first requests. Doc. 78-1. Attempts to mutually agree on modifications to the requests were unsuccessful.

National filed a motion to compel as to the first requests on April 4, 2025. The Magistrate Judge denied National's motion to compel as to the first requests on April 17, 2025, finding they were not sufficiently directed to the issues in this case. Doc. 82.

After considering Ascendo's objections and arguments made during conferral, National propounded a second set of requests seeking similar

8

documents, but narrower than its first requests, on February 14, 2025. Doc. 84-1. Ascendo again refused to produce anything in response. Doc. 84-2. Conferral on these requests was similarly unsuccessful, and Ascendo did not even produce documents responsive to its own limited versions of the second requests. Doc. 84 at 1-2.

National filed a motion to compel as to the second requests on April 29, 2025. Doc. 84. The Magistrate Judge denied this motion on May 19, 2025 based on the requests seeking information on *all* of Ascendo's customers and providers. Doc. 95 at 8 (emphasis in original).

The refrain from both Ascendo and the Magistrate Judge has been that National needs to make highly specific discovery requests. That is precisely what it did in the Requests, pointing out the exact persons and entities it sought documents with respect to, and even identifying the specific field(s) in which those names were contained.

The Requests came late in the discovery period because it was not until this point when National determined, in part with the rulings of the Magistrate Judge, that it needed to propound discovery with the level of specificity contained in the Requests. The Magistrate Judge's rulings informed National that its original plan, to compare the National Documents with records produced by Ascendo, would not work. National then pivoted and framed its inquiries based directly on the names listed in the National Documents. Yet when presented with discovery as specific as prior rulings suggested was required, that discovery was ruled excessive because it

9

came late in the discovery period.

By focusing on the timing, the Magistrate Judge abused her discretion penalizing National for refining its approach to discovery near the end of the period in response to the Court's own rulings. Because the Magistrate Judge gave undue weight to the timing of the discovery, National asks that portion of the Order denying its Motion be overruled.

## II.   The Magistrate Judge Overly Limited the Scope of the Requests.

The Magistrate Judge characterized the Requests as "patently overbroad" due to referencing approximately 250,000 names. Hearing Tr. 37:23-24. This conclusion was based in part on her determination that "there's no possible way this can be done," referring to Ascendo's use of such a large number of search terms. Hearing Tr. 43:10.[3]

Tellingly, though, at the hearing, Ascendo conceded that it had not produced the kind of evidence normally required to sustain an undue burden objection. Hearing Tr. 43:18-45:25. Nor could Ascendo provide any detail on the alleged burden other than the conclusory "it would be a tremendous amount of time." Hearing Tr. 45:11-22. The Magistrate Judge acknowledged that she did not have any evidence on that point and properly noted that this meant it would be difficult to grant relief on undue burden grounds given the law in this district requiring

---

[3] Even within large data sets, a computerized search for possibly responsive documents would take little time compared to any review and redaction of the search results. Thus, if as it asserts, Ascendo never used the National Documents, searching for the names and facilities therein would yield few if any results, and the burden of reviewing and preparing the results for production would be minimal. However, as is relevant here, Ascendo has not provided any indication that such searches were conducted or resulted in an unreasonably burdensome number of documents to review for production. Hearing Tr. 45:15-22.

10

such evidence. Hearing Tr. 76:21-22; Hearing Tr. 46:1-5; *see also e.g.*, *Simply Border Collie Rescue, Inc. v. Ryan*, No. 3:04-cv-568-J-32HTS, 2005 WL 662724, 2005 U.S. Dist. LEXIS 5983, at *5-7 (M.D. Fla. Mar. 15, 2005).

It is therefore not entirely clear whether the Magistrate Judge relied on Ascendo's undue burden or overbreadth argument in limiting the Requests. Regardless, both undue burden and overbreadth are measured against the needs of the case—namely whether the breadth and burden are reasonable compared to the benefits to be secured from the discovery, the nature of the violations alleged, the damages sought, and the centrality of the issue to the litigation. *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-HES-LLL, 2022 LX 34191, 2022 U.S. Dist. LEXIS 246218, at *85-86 (M.D. Fla. Dec. 23, 2022) (citing *Panola Land Buyers Asso. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)); *see also Border Collie Rescue*, 2005 U.S. Dist. LEXIS 5983, at *6; *Rogers v. Minn. Life Ins. Co.*, No. 5:21-cv-164-CEM-PRL, 2021 WL 5961299, 2021 U.S. Dist. LEXIS 240246, at *5 (M.D. Fla. Dec. 16, 2021).

As the Magistrate Judge acknowledged, this case and National's prior litigation against Sanchez involve a substantial amount of information. Hearing Tr. 42:3-18. Ascendo obtained approximately 250,000 names across 35 lists from Sanchez. Ascendo could have used any of those lists to solicit the individuals or entities identified therein. Limiting discovery to only two lists is "unduly restrictive" when compared to the scope of the allegations and the established volume of the stolen information. *Rosen v. Provident Life & Accident Ins. Co.*, 308

11

F.R.D. 670, 681 (N.D. Ala. 2015).

Similarly, Ascendo has many employees beyond those named as defendants in this case. Hearing Tr. 32:14-16. Ascendo could have given the stolen lists to any number of these employees for their use. Based on the limitation to only named defendants imposed by the Magistrate Judge, vast numbers of potentially responsive documents will never even be searched for or, since Ascendo could not articulate how it would conduct such a search, improperly culled and omitted from any responsive production. The Magistrate Judge focused on the number of inquiries in a company-wide search. But such a scope is proportional to the needs of the case and volume of information stolen. *See* Doc. 118 at 4-7.

The Order also sends a tremendously negative signal regarding discovery in similar cases. If discovery is precluded as overbroad or burdensome simply because the case involves a large number of stolen documents or potentially pillaged relationships, then a party can avoid liability and its discovery obligations by simply asserting that its theft was large enough to create a burden. In effect, the Order tells future corporate thieves to maximize the data they steal to immunize themselves from discovery.

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). By carving out highly relevant areas of inquiry, the Magistrate Judge unduly limited the discovery National could obtain. This limited scope is disproportionately small compared to the stolen information at issue. Because the

Order limits what is otherwise proper, full discovery, the Magistrate Judge abused her discretion in limiting the Requests.

## **CONCLUSION**

In ruling on National's Motion to Compel, the Magistrate Judge overemphasized the timing of the Requests, applied a lower burden to sustain objections based on this timing, and overlooked or ignored the acknowledged fact that Ascendo failed to produce a single shred of evidence as to the burdensomeness of such Requests. The Magistrate Judge further overly limited the Requests compared to the scope of the documents stolen and subject to misuse.

National therefore asks that the portion of the Order denying its Motion to Compel be overruled and that Ascendo be compelled to respond to the remaining Requests.

Dated: July 10, 2025.

**s/ Scott A. Richards**
**Scott A. Richards, Esq.**
Florida Bar No. 72657
Primary: srichards@losey.law
Secondary: docketing@losey.law
**Losey PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
Telephone: (407) 906-7389
*Counsel for Plaintiff*

13

## **LOCAL RULE 3.01(g) CERTIFICATE**

I HEREBY CERTIFY that prior to filing this motion I conferred with counsel for Ascendo Resources LLC and the issues raised herein were not resolved.

**s/ Scott A. Richards**
**Scott A. Richards, Esq.**
Florida Bar No. 72657

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of Court this 10th day of June 2025, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**s/ Scott A. Richards**
**Scott A. Richards, Esq.**
Florida Bar No. 72657
