# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS, INC.,

        Plaintiff,

v.                                            Case No:   6:23-cv-1542-CEM-LHP

ASCENDO RESOURCES, LLC, AMY COSTELLO, KRISTOFER MUNCH, STEVEN MEADOWS, JACYLYN ATCACHUNAS, MICHAEL FOOR and BENJAMIN BENAMI,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS SUPPORTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE AS EVIDENCE THE EXPERT REPORT AND OPINIONS OF LISL UNTERHOLZNER AND PRECLUDE HER TESTIMONY AT TRIAL (Doc. No. 142)
>
> **FILED:** July 7, 2025

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g., Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). Relevant here, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]" *Chicago Tribune*, 263 F.3d at 1312. "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the

By the present motion, Defendants seek to file under seal six (6) exhibits to their motion for summary judgment (Exhibits A, H, I, J, L, and N to Doc. No. 138), and two (2) exhibits to their joint *Daubert* motion (Exhibits B and C to Doc. No. 137). Doc. No. 142. The exhibits include: (1) excerpts of deposition testimony from Plaintiff's corporate representative (Exhibits A and B), from Plaintiff's President (Exhibit H), and from Plaintiff's expert Lisl Unterholzner (Exhibits N and C); (2) an Encompass Healthcare List (Exhibit I); (3) a Saber Healthcare List (Exhibit J); and (4) certain email templates (Exhibit L). *Id.*, at 3. Defendants explain that Plaintiff has designated each of these exhibits as either Confidential or Highly Confidential pursuant to the terms of the parties' Confidentiality Stipulation, and that Plaintiff has asserted that the Healthcare Lists and email templates constitute trade secrets. *Id.*, at 3-6.

Because Plaintiff has an interest in the documents Defendants seek to seal, the Court directed Plaintiff to file a brief in support of the sealing request. Doc.

---

information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

No. 143; *see also* Local Rule 1.11(c). Plaintiff timely-filed its response, which the Court has reviewed. Doc. No. 148. Plaintiff represents that the exhibits at issue include confidential and proprietary information and trade secrets, to include customer and healthcare provider lists, the public disclosure of which would cause Plaintiff injury in the competitive staffing agency market. *Id.*, at 1-5.

The exhibits at issue are attached to a dispositive motion for summary judgment and a *Daubert* motion – pretrial motions that require judicial resolution of the merits – therefore the common law right to access applies. However, upon review of Defendants' motion and in particular Plaintiff's response – and without making any ruling or finding as to whether any of the exhibits at issue actually constitute trade secrets for purposes of any substantive/merits issue in this case – the Court finds that Plaintiff has demonstrated good cause to seal the exhibits and the parties have otherwise complied with the requirements of Local Rule 1.11. Accordingly, the Court will permit Defendants, at this stage of the litigation, to file the documents addressed herein under seal. *See, e.g.*, *Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, No. 3:17-cv-801-J-39MCR, 2018 WL 3609861, at *2 (M.D. Fla. July 26, 2018); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399- Orl-40TBS, 2017 WL 2021761, at *3-4 (M.D. Fla. May 12, 2017).

Defendants' Renewed Motion for Leave to File Under Seal Exhibits Supporting Motion for Summary Judgment and Motion to Exclude as Evidence the

Expert Report and Opinions of Lisl Unterholzner and Preclude her Testimony at Trial (Doc. No. 142) is therefore **GRANTED**.  Within **seven (7) days** from the date of this Order, Defendants shall file under seal as a separate docket entry the exhibits to Defendants' motion for summary judgment (Exhibits A, H, I, J, L, and N to Doc. No. 138) and under seal as a separate docket entry the exhibits to Defendants' *Daubert* motion (Exhibits B and C to Doc. No. 137).

Upon consideration, the Presiding District Judge may determine that one or more of the exhibits may not be properly subject to sealing.  Absent an order to the contrary, the sealing of these exhibits will expire 90 days after the case is closed and all appeals exhausted.  *See* Local Rule 1.11(e).

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2025.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties