UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING
SOLUTIONS, INC.,

    Plaintiff,

vs.                                              CASE NO.:  6:23-cv-01542-CEM-RMN

ASCENDO RESOURCES, LLC,
AMY COSTELLO, KRISTOFER
MUNCH, STEVEN MEADOWS,
JACLYN ATCACHUNAS,
MICHAEL FOOR and BENJAMIN
BENAMI,

    Defendants.
_____/

**DEFENDANT, ASCENDO RESOURCES, LLC'S RESPONSE TO
PLAINTIFF'S RULE 72(a) OBJECTION [D.E. 146]**

Defendant, Ascendo Resources, LLC ("Defendant" or "Ascendo"), hereby responds in opposition to Plaintiff's Rule 72(a) Objection [D.E. 146].

**I.    Introduction**

The Court should overrule Plaintiff's Objection because it fails to show the Magistrate Judge's Order was "clearly erroneous or contrary to law." Plaintiff's Objection fails to mention – much less satisfy – the deferential standard of review applicable to this Court's consideration of the Magistrate Judge's Order. Magistrate Judge Hoffman Price correctly determined that Plaintiff's overbroad discovery

requests – which were not limited to the identified trade secrets at issue in this case – should be limited to only those documents identified as such. Judge Hoffman Price's determination that the discovery requests which reference documents not identified as trade secrets were not relevant easily satisfies the deferential "clearly erroneous or contrary to law" standard applicable to a district court's review of a magistrate judge's ruling on a non-dispositive discovery dispute. This Court should therefore overrule Plaintiff's Objection.

## II. Response to Plaintiff's Misrepresented Facts

Plaintiff's Objection is rife with misrepresentations and disingenuous assertions, all in yet another attempt to reopen discovery which ended on May 30, 2025. Ascendo implores the Court to consider the below described false statements by Plaintiff when evaluating the context in which Plaintiff seeks to set its Objection.

First, there has been no "gamesmanship" or any other "discovery violation" by Ascendo. Additionally, as detailed in Ascendo's Response in Opposition to Plaintiff's Motion for Spoliation Sanctions, Ascendo did not destroy any evidence - in fact, the evidence which Plaintiff claims was spoliated by Ascendo still exists. [D.E. 156] Further, Ascendo's corporate representative was sufficiently prepared for his deposition, and Plaintiff's attempt to paint him as unprepared is disingenuous given the confusing and poorly formed questions posed by Plaintiff's counsel during the deposition.

Second, there is absolutely no truth to Plaintiff's assertion that Ascendo hired former National employees in order to compete with Plaintiff.

Third, Plaintiff incorrectly refers to Amy Costello as Ascendo's president, when she is actually the president of Ascendo Healthcare Staffing LLC, a separate entity. [Costello Dep. 36:1-20]

Fourth, Heidi Sanchez was fired by Plaintiff - she did not "quit her role" as Plaintiff states. *See* Objection, p. 3; [D.E. 151, Skepko Dep. 238:12-13].

Fifth, Plaintiff claims it "has attempted, through discovery, to ascertain the scope of Sanchez's theft," despite the fact that Plaintiff has possessed the full contents of Sanchez's National laptop and the contents of her Ascendo email accounts since *before* this lawsuit was filed. *See* Objection, p. 4; [D.E. 146-1, 56:22-57:10]. In fact, Plaintiff sued Sanchez in 2021, and therein, had discovery in said case directly with Sanchez as well as through its subpoenas to numerous non-parties, including Defendants. Thus, to the extent Plaintiff seeks the names of its clients that Sanchez purportedly stole, this information is in the emails that have been in Plaintiff's possession since before it sued Ascendo.

### III. Background Relevant to Plaintiff's Objection

Ascendo served discovery on Plaintiff seeking to have Plaintiff identify the trade secrets at issue in this case. Plaintiff responded with boilerplate objections and representations that responsive documents would be produced. Only after Ascendo

3

moved to compel did Plaintiff produce several documents in response to Request Nos. 64, 65, 88, 105, 106, 130, 133, 153. *See* [D.E. 106-1 (Pl. Am. Rsp. To RFP) and 106-2 (production e-mail)].[1] As its "trade secrets", Plaintiff identified only a Provider Timecard and two client contact lists. *See* [D.E. 106-1, Request No. 64].

On April 24, 2025, 36 days before discovery was set to close, Plaintiff served 145 requests for production on Ascendo. [D.E. 103-1 (hereinafter the "Requests")]. The Requests reference 35 spreadsheets which Plaintiff later claimed are its "trade secret" client contact lists and which have been in Plaintiff's possession since before this case was filed. [D.E. 146-1 at 29:23-30:7] Plaintiff sought to have Ascendo run searches on Ascendo Healthcare Staffing LLC's employees' emails based on approximately 250,000 names appearing in those 35 spreadsheets. [D.E. 103-1] As the Magistrate Judge pointed out, that would require 25 million searches. [D.E. 146-1 at 32:19-21]

Yet, of the 35 documents referenced in the Requests, only one had been produced as a recognized "trade secret" by Plaintiff in response to Request No. 64 (i.e. the request seeking the trade secrets at issue in this case) – National 00358 (hereinafter the "Encompass List").[2]

---

[1] None of the documents were bates numbered.
[2] National 00358 was produced in response to this request for production. This is a native document with a spreadsheet attached. The spreadsheet was also produced as National 0729792, which is the document identified in Plaintiff's Third Request for Production, Nos. 1-10.

On May 27, 2025, Plaintiff's corporate representative was deposed. He testified that National was only able to identify two client contact lists as the purported misappropriated trade secrets in this case. [D.E. 151, Skepko Dep. 133:14-25]. Only one of those client contact lists – the Encompass List – was identified in the Requests.

On May 27, 2025, Ascendo served its objections to the Requests raising objections based on overbreadth, proportionality, and undue burden. [D.E. 103-2].

On May 28, 2025, Plaintiff filed a Short-Form Motion to Compel better responses to the Requests. [D.E. 103]. On June 2, 2025, Ascendo responded. [D.E. 106]. In its Response, Ascendo argued that the Requests were patently overbroad and not limited to relevant information. Specifically, Ascendo pointed out that the Requests only referenced one document which had been identified by National as a "trade secret" at issue in this case. *Id.* at p. 2.

The Magistrate Judge then ordered supplemental briefing. [D.E. 109].

On June 9, 2025, Plaintiff filed its supplemental brief. [D.E. 118]. Therein, Plaintiff argued: "Ascendo claims the requests are 'patently overbroad.' Not so. In response to the prior discovery orders, National limited the requests to the documents that it alleges are trade secrets". *Id.* Plaintiff did not rebut Ascendo's argument that only one of the documents referenced in the Requests had been specifically identified as a "trade secret" in this case.

5

A hearing was held before the Magistrate Judge on June 25, 2025. [D.E. 146-1].

In discussing the documents identified in the Requests, counsel for Plaintiff stated that he had no objection to the representation that National's corporate representative only identified one of the referenced documents as a trade secret at issue in this case. [D.E. 146-1, 46:22-49:24]. Based on that, the Magistrate Judge found that the only item in the Requests that has been identified as a trade secret was the 0729792 document (the Encompass List). *Id.* at 44:16-19.

As a result, Magistrate Judge Hoffman Price granted the Motion to Compel as to Request Numbers 1 through 10, as those Requests specifically referenced the Encompass List – the only document in the Requests which had been identified by Plaintiff as a "trade secret" in this case. [D.E. 146-1, 67:8-19] The Magistrate Judge denied the Motion to Compel as to the remaining requests for production based on overbreadth. [D.E. 146-1, 70:16-71:7]

IV. **Standard of Review**

Objections to a Magistrate Judge's Order are reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a). "In reviewing the decision, the district judge affords the magistrate judge considerable deference and will only set aside those portions of the decision that ... leave the district judge 'with the definite and firm conviction that a mistake has been committed.'" *Fla. Action*

6

*Comm., Inc. v. Seminole Cnty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 WL 6080988, at *1 (M.D. Fla. Oct. 18, 2016) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).

## V. <u>Argument</u>

This Court should overrule Plaintiff's Objection because Plaintiff again fails to explain how Request Numbers 11-145 are relevant to the issues in this case. Simply stating that they are relevant to the trade secret claim is not enough. Plaintiff has not and does not dispute that the only document referenced in the Requests which was specifically identified as a "trade secret" in this case was the Encompass List. Thus, Plaintiff fails to explain why Magistrate Judge Hoffman Price clearly erred in limiting the discovery to that issue.

With the Requests, Plaintiff sought to require Ascendo to make approximately 25 million searches on approximately 250,000 names across its systems, despite the fact that only one document identified in the Requests was ever identified as "trade secret" documents or documents misappropriated by Sanchez and given to Ascendo. *See* [D.E. 106-1].

Magistrate Judge Hoffman Price's determination that these requests were overly broad is neither clearly erroneous or contrary to law, particularly in view of the broad discretion afforded magistrate judges in issuing non-dispositive pretrial

7

order related to discovery. *See Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).

In its Objection, Plaintiff makes no effort whatsoever to show that these far-reaching requests are proportional to the needs of the case. *See Wyndham Hotels & Resorts, LLC v. Leisure Getaways, Inc.*, No. 617CV501ORL31GJK, 2017 WL 10059023, at *2 (M.D. Fla. Oct. 25, 2017) (denying plaintiff's motion to compel because plaintiff "failed to meet its burden of demonstrating that the requested information is relevant and proportional to the needs of the case").

Plaintiff agrees that the propounding party must show that the information sought is relevant. [D.E. 146 at p. 7]. Plaintiff merely argues that the requests were relevant to its "trade secret misappropriation claims." *Id.* Plaintiff then asserts, without citation, that "National has asserted its client lists, customer lists, and healthcare provider lists are trade secrets." *Id.* Yet, Plaintiff offers no rebuttal to the fact that the documents referenced in Request Numbers 11 through 145 were not identified as the trade secrets at issue in this case. Plaintiff fails to explain how the Magistrate Judge's ruling excluding discovery related to the Requests which concerned documents not identified as trade secrets in this case were overly broad is clearly erroneous or contrary to law.

"[W]here, as here, the relevancy of information sought cannot be discerned from a review of the discovery request, the party seeking to compel responses must

8

demonstrate relevancy." *Caliber Home Loans, Inc. v. Bales*, No. 3:16-cv-1167-J-32JRK, 2017 WL 8341699, *1 (M.D. Fla. Aug. 16, 2017); *S.E.C. v. Bank Atlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. June 26, 2012); *see also Bright v. Frix*, 8:12-cv-1163-T-35MAP, 2016 WL 1011441, *1 (M.D. Fla. Jan. 22, 2016) (stating the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant). The Magistrate Judge found Plaintiff failed to meet that burden as to Request Nos. 11 through 145, and Plaintiff offers no explanation as to why that finding was clearly erroneous.

As a result, because the Magistrate Judge properly limited the discovery to the only document which had been identified by Plaintiff itself as a trade secret in this case, the Magistrate Judge's Order was not clearly erroneous or contrary to law.

To the extent Plaintiff argues that the Magistrate Judge should not have relied on undue burden in limiting the scope of the discovery requests, this is a red herring, as the Magistrate Judge stated that the lack of evidence supporting undue burden prevented a clean-cut denial of Plaintiff's motion. [D.E. 146-1,68:1-4]

On the timing issue raised by Plaintiff, Plaintiff's counsel himself conceded at the hearing that Plaintiff should have acted earlier in its discovery efforts. [D.E. 146-1, 39:11-12] The Magistrate Judge recognized that, despite the timely service of the Requests, Plaintiff's failure to seek discovery on the spreadsheets it possessed for years makes an extension of discovery inappropriate. [D.E. 146-1, 40:11-17,

9

42:19-23] The Magistrate Judge asked Plaintiff for legal authority that would support an extension of discovery where Plaintiff waited until the literal eleventh hour to seek such voluminous additional discovery, but Plaintiff has failed, both at the hearing and in its Objection, to do so. [D.E. 146-1, 39:14-40:10, 64:5-15] Thus, Plaintiff has failed to show that any consideration by the Magistrate Judge of the very late timing of Plaintiff's discovery and motion was clearly erroneous or contrary to law.

Finally, Plaintiff's own inability to serve discovery requests that are not overbroad and are tailored to the relevant issues of this case is demonstrative of the complete lack of evidentiary support for Plaintiff's claims. Plaintiff's counsel himself acknowledged that Plaintiff was "shooting in the dark" with its Requests, which is hardly indicative of discovery that is specifically relevant to the issues of the case. [D.E. 146-1, 37:12-14] Rather, Plaintiff is well aware that it has no evidence with which to support any of its claims against Ascendo, and Plaintiff is now throwing everything at the wall in the hope that something sticks.  In fact, Plaintiff demonstrated that it frivolously filed this action by having filed a Motion to Dismiss <u>*with prejudice*</u> all claims against Defendants Benami, Atcachunas and Foor, as well as Counts IV and V against all parties. [D.E. 155] Ultimately, however, Plaintiff has offered this Court no reason to overrule the Magistrate Judge's Order, and, thus, the Objection should be denied.

Respectfully submitted,

/s/ Samantha C. Duke
LAN KENNEDY-DAVIS
Florida Bar No.:  534021
E-mail:  lkennedy@rumberger.com
SUZANNE BARTO HILL
Florida Bar No.:  0846694
E-mail:  shill@rumberger.com
SAMANTHA C. DUKE
Florida Bar No.:  0091403
E-mail:  sduke@rumberger.com
SARA LEWIS KALLOP
Florida Bar No.:  1018619
E-mail:  skallop@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300 / Fax:  407.841.2133
*Attorneys for Defendants, Ascendo Resources, LLC, Steve Meadows, Jaclyn Atachunas, Michael Foor and Benjamin Benami*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing via email to all counsel of record.

/s/ Samantha C. Duke
LAN KENNEDY-DAVIS
Florida Bar No.: 534021
E-mail: lkennedy@rumberger.com
SUZANNE BARTO HILL
Florida Bar No.: 0846694
E-mail: shill@rumberger.com
SAMANTHA C. DUKE
Florida Bar No.: 0091403
E-mail: sduke@rumberger.com
SARA LEWIS KALLOP
Florida Bar No.: 1018619
E-mail: skallop@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 / Fax: 407.841.2133
*Attorneys for Defendants, Ascendo Resources, LLC, Steve Meadows, Jaclyn Atachunas, Michael Foor and Benjamin Benami*

20796010.v1