UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING
SOLUTIONS, INC.,

      Plaintiff,

vs.                                 CASE NO.:  6:23-cv-01542-CEM-RMN

ASCENDO RESOURCES, LLC,
AMY COSTELLO, KRISTOFER
MUNCH, STEVEN MEADOWS,
JACLYN ATCACHUNAS,
MICHAEL FOOR and BENJAMIN
BENAMI,

      Defendants.
_____/

**ASCENDO RESOURCES, LLC'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF
<u>MAGISTRATE JUDGE'S ORDER [D.E. 145]</u>**

Defendant, Ascendo Resources LLC ("Ascendo"), files this response in opposition to Plaintiff National Staffing Solution's ("Plaintiff" or "National") Motion for Reconsideration of Magistrate Judge's Order [D.E. 145] ("Motion").

## I.    INTRODUCTION

Now that Plaintiff has moved to dismiss with prejudice three defendants and two causes of action from its Amended Complaint, Defendant's suspicions are confirmed that this entire lawsuit is nothing more than Plaintiff's harassment of a competitor because Plaintiff is angry that its former employees would rather work

for Defendant. Plaintiff consistently resorts to falsehoods and making up excuses for their failings, and now it directs its blame at this Court and Magistrate Judge Hoffman Price.

The Court should deny Plaintiff's Motion because it fails to show the Magistrate Judge's Order was clear error or that reconsideration of the Order is necessary to prevent manifest injustice. Magistrate Judge Hoffman Price correctly determined that Plaintiff's Motion to Compel Continued Deposition of the Corporate Representative(s) of Ascendo Resources, LLC or, Alternatively, for an Order Precluding the Defendant from Later Introducing Evidence on Certain Topics ("Motion to Compel") [D.E. 128] was untimely and should be denied.

National's Motion is yet *another* attempt to reopen discovery in spite of this Court's many admonishments of National's failure to diligently conduct discovery within court-ordered deadlines. Now, National blames *the Court* for its inability to obtain discovery after 18 months of discovery in this case, but National has no one to blame but itself.  National alone elected to employ the litigation strategy of unilaterally setting Ascendo's corporate representative's deposition on the last day of discovery and on the one day that Ascendo's counsel were all unavailable in an attempt to deprive Ascendo from having counsel present and in an attempt to extend discovery, which decision National must take responsibility – not the Court or Ascendo.  As explained further below, Ascendo's counsel offered to National over

2

a month (from April 3, 2025, to May 7, 2025) and over a dozen dates at the end of May 2025 for National to take the deposition of Ascendo's corporate representative, all of which dates National declined. National's sole basis for moving to compel the continued deposition of Ascendo's corporate representative, Gene Holzer, was the fact that Mr. Holzer responded to multiple inquiries that he did not know or recall certain information. Pursuant to this assertion, National asserted that Mr. Holzer was not prepared for his deposition and National was entitled to a continued deposition with an "adequately prepared witness". [D.E. 128] The Motion to Compel was filed on June 25, 2025 - nearly one month after the close of discovery. Having failed to persuade the Court with its unpreparedness argument therein, National now asserts that *the Court* erred in considering only the fact that the Motion to Compel was filed after the close of discovery in denying the Motion to Compel.

 National has not met its burden of showing "clear error" by the court in denying its untimely motion, as such a denial is well within the purview of this Court. Moreover, National has failed to demonstrate it was diligent in its discovery efforts to entitle it to discovery beyond the discovery deadline because it is undeniable that its lack of diligence was obvious and intentional. Further, National has failed to demonstrate any "manifest injustice" that could be cured by reconsideration, as the untimely nature of its Motion to Compel was due to National's own strategy to intentionally schedule the deposition on the very last day of discovery, likely also

3

for the pre-planned purpose of setting up this motion. Further, National's unpreparedness argument is simply not persuasive.

Finally, Ascendo continues with its misrepresentations to the Court throughout this case. National **did not** confer with counsel for Ascendo before filing the Motion as it <u>certified</u>. National's representation in its Local Rule 3.01(g) Certificate is false and constitutes a violation of Rule 11(b).

## II. BACKGROUND

1. Discovery in this case really began in 2021 when Plaintiff sued Heidi Sanchez for the same conduct that forms the basis of this lawsuit against Defendant. Plaintiff subpoenaed Ascendo and the other individually named defendants in this case back in 2022 for documents related to Sanchez and her email accounts. Ascendo and co-defendants produced documents in response to its subpoena; thus, Plaintiff was in possession of documents well before this lawsuit was filed. National knew what evidence it had, or the lack thereof, and is now merely wants more time and opportunity to harass its competitor.

2. On November 30, 2023, the Case Management and Scheduling Order was entered, setting the discovery deadline for May 30, 2025.

3. In January 2025, Defendant reached out to Plaintiff to initiate scheduling depositions, and Plaintiff did not schedule Ascendo's corporate representative's deposition.

4. On April 3, 2025, the parties attended mediation. At this time, despite Ascendo's efforts requesting Plaintiff's participation in scheduling depositions, no depositions had been scheduled. The parties agreed to adjourn and continue mediation until May 7, 2025. Defendants agreed to make themselves available from April 3 until May 7 for Plaintiff to take depositions, including the deposition of Ascendo's corporate representative.

5. Plaintiff did not schedule or take any depositions between April 3, 2025, and May 7, 2025, and it cancelled the continued mediation.

6. On May 5, 2025, Defendant again requested Plaintiff's areas of inquiry for Ascendo's corporate representative deposition so that it could be prepared for the deposition, but National did not provide the list until May 15, 2025.

7. Defendants provided numerous dates for depositions to occur in May 2025. On the dates on which defense counsel were available, Plaintiff coordinated twelve depositions to occur, but notably Plaintiff did not set the corporate representative's deposition for any of those available dates.

8. Instead, Plaintiff <u>unilaterally</u> set the deposition for a date on which defense counsel were unavailable, which was also the very last day of discovery.

9. Defendant filed a Short-Form Motion for Protective Order on the basis of Defendant's counsels' complete unavailability. [D.E. 100] Defendant did not seek to avoid the deposition altogether, as Plaintiff inaccurately represents in the Motion.

5

10. The Court denied Defendant's Motion for Protective Order, noting Plaintiff's amenability to a deposition at a later date, and stating "[c]ounsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date." [D.E. 102]

11. Despite Defendant's agreement to conduct the corporate representative's deposition on June 6, 2025, and with full knowledge of Defendant's counsels' unavailability on May 30, 2025, Plaintiff proceeded with the deposition on May 30, 2025, and moved for sanctions against Ascendo.

12. On May 30, 2025, Plaintiff filed a Motion for Sanctions for Ascendo's failure to appear at the deposition. [D.E. 104] Defendant opposed the motion, arguing the non-appearance was justified because all counsel were unavailable and the parties had agreed to hold June 6, 2025, for the deposition. [D.E. 111]

13. On June 5, 2025, this Court granted in part and denied in part Plaintiff's Motion for Sanctions. [D.E. 114]

14. On June 9, 2025, Plaintiff noticed Ascendo's corporate representative's deposition for June 20, 2025.

15. On June 20, 2025, Gene Holzer appeared and gave testimony as Ascendo's corporate representative.

16. On June 25, 2025, Plaintiff filed its Motion to Compel the continued deposition of Ascendo's corporate representative solely on the basis that Mr. Holzer was unprepared for his deposition because he responded "I don't know" or "I don't recall" in response to numerous questions. [D.E. 128]

17. On June 26, 2025, Magistrate Judge Hoffman Price entered an Endorsed Order denying Plaintiff's Motion to Compel, stating as follows:

> "The Court does not require the benefit of a response from Defendants. The deadline to complete discovery and file motions to compel expired on May 30, 2025. See Doc. No. 45, at 2. See also Doc. Nos. 97, 114. The present motion is therefore untimely and denied. To the extent Plaintiff wishes to pursue precluding or striking evidence at trial or any other proceedings, Plaintiff shall follow the deadlines set forth in the Case Management and Scheduling Order for dispositive motions and/or motions in limine. See Doc. No. 45, at 2." [D.E. 130]

### III. STANDARD OF REVIEW

Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of

new evidence; (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted). None of these exist here.

## IV. ARGUMENT

### A. *Plaintiff's Motion to Compel Was Properly Denied as Untimely.*

The Magistrate Judge's determination that the Motion to Compel was untimely was not clear error. District courts have broad discretion to manage discovery and enforce scheduling orders, including the authority to deny motions to compel discovery filed after the close of discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-1307 (11th Cir. 2011). Holding litigants to the clear terms of scheduling orders does not constitute an abuse of discretion. *Id.* at 1307.

When seeking to compel discovery after the close of discovery, courts require parties to demonstrate diligence and good cause. *El-Saba v. University of South Alabama*, 738 Fed.Appx. 640, 644 (11th Cir. 2018) (finding party seeking to reopen discovery failed to show diligence justifying his out of time motion where he never moved for an extension of the discovery deadline before the close of discovery, waited until very late in the discovery period to take contentious depositions, and waited almost two weeks after the close of discovery to file the motion to compel). *See also Williams v. Alabama Department of Industrial Relations*, 684 Fed.Appx. 888 (11th Cir. 2017) (affirming denial of motion to compel filed more than a month

after the close of discovery, finding that the movant had ample time during discovery to seek the necessary information but failed to do so).

National has utterly failed to demonstrate diligence and good cause for filing its Motion to Compel after the discovery deadline. National did not file its Motion to Compel until June 25, 2025 - nearly one month after the close of discovery on May 30, 2025. The fact that the deposition of Ascendo's corporate representative did not occur until June 20, 2025 - nearly one month after the discovery deadline - is entirely Plaintiff's fault and the result of a complete lack of due diligence in discovery in this case by Plaintiff. Plaintiff's unilateral setting of the deposition before the last day of discovery was intentional and a strategic attempt to deprive Ascendo of having counsel present at the deposition, and it is the exact opposite of diligence, all of which do not support a finding of good cause. In fact, given National's repeated attempts to extend discovery in this case, all of which have been denied, it appears that this was an attempt by National to create yet another reason to extend the discovery deadline.

This Court has already made its feelings on National's discovery conduct related to Ascendo's corporate representative's deposition painstakingly clear:

> "**Plaintiff has had more than ample time to engage in discovery** in this case, and instead chose to wait until the literal eleventh hour to notice the corporate representative's deposition, at a time when Plaintiff was well aware that 12 other depositions had already been scheduled, and **the Court had previously denied Plaintiff's request to extend the discovery deadline**

9

> **due to a failure to establish good cause and diligence**. *See* Doc. No. 97. Moreover, Plaintiff's cries of prejudice are unpersuasive - **had Plaintiff noticed Ascendo's corporate representative deposition at any earlier point in time during the 18-month discovery period, Plaintiff would have had 'the backing of the Court's authority' for any speculative disputes, and the *Court will not extend the discovery period as a reward for Plaintiff's lack of diligence*.**" [D.E. 114, at 6 (emphasis added)]

Magistrate Judge is absolutely correct in not rewarding National for its lack of diligence and recognizing that it must live with the consequences of its litigation strategy. It is notable that National fails to explain why it elected not to set Ascendo's corporate representative's deposition at any time from April 3, 2025 through May 7, 2025, and for another 10 days that Ascendo's counsel offered in May 2025. As Magistrate Judge astutely noted - National could have set the deposition at any earlier point during the 18-month discovery period, and it could have had any discovery disputes addressed within the discovery period.

Moreover, National claims that the Magistrate Judge failed to consider "Ascendo's improper delay and stall tactics", but the very first sentence in the body of Plaintiff's Motion to Compel specifically references Ascendo's nonappearance at the deposition on May 30, 2025, and the subsequent rescheduling to June 20, 2025. [D.E. 128] Now with the instant Motion, National attempts to provide additional details that National could have provided in its original motion. National's failure to do so does not warrant reconsideration, but would simply give National a second

10

bite at the apple. *See Adams v. Boeneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020) ("Motions for reconsideration should not be used to raise arguments which could, and should, have been previously made. Stated differently, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration. To permit otherwise would essentially afford a litigant two bites at the apple." (citations and quotation marks omitted)). Furthermore, National's version of the procedural history of this case is blatantly misrepresentative and would not support the granting of its Motion to Compel, even if it had been timely filed. *See supra*, I. Background.

Finally, there is no manifest injustice and Plaintiff is not prejudiced by the denial, as the Magistrate Judge specifically outlined in the Order alternative avenues that Plaintiff could seek in order to preclude or strike evidence at trial or any other proceeding. [D.E. 130] Moreover, there can be no injustice when it is Plaintiff's own failings that have led to this point.

### B. Plaintiff's Motion to Compel Lacked Merit and Was Properly Denied.

In addition to its untimeliness, the Motion to Compel was properly denied by the Magistrate Judge because National failed to demonstrate it was entitled to a continued deposition of Ascendo's corporate representative based on his purported unpreparedness.

11

National claims that Mr. Holzer was unprepared because he only spent three hours preparing for his deposition. National complains that it wants Mr. Holzer to be more prepared, but it intentonally delayed from May 2 to May 15 to give the list of topics to Ascendo, and it waited until the eve of before 12 depositions were to be taken and had initially unilaterally set the deposition on May 30 to occur immediately following the 12 depositions. Such conduct suggests that National intended to interfere with Mr. Holzer's ability to prepare for his deposition. National offers no formula or equation that would compute the appropriate amount of time to spend preparing for deposition topic but arbitrarily concludes that 2.3 minutes is "obviously insufficient". *See* Motion, p. 3. As it turned out, many of the seventy-seven deposition topics noticed by Ascendo were fabricated topics and pertain to events that never occurred, situations that never existed, or topics not within the knowledge of Ascendo.

Further, responding "I don't know" does not indicate a lack of preparation. *See Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 4258269, at *3 (S.D. Fla. Sept. 6, 2018). As National stated, Mr. Holzer prepared for his deposition for three hours, which is hardly an insignificant amount of time. Mr. Holzer confirmed that he reviewed all seventy-seven areas of inquiry, reviewed relevant internal records, and spoke with certain Ascendo employees. Holzer Dep. 15:3-25. Additionally, a review of the deposition transcript reveals that many of the instances in which Mr.

12

Holzer responded "I don't know" or "I don't recall" were due to confusing and poorly formed questions by Plaintiff's counsel and which he would repeatedly ask the same questions over and over again, to which objections were raised by defense counsel.

Finally, Mr. Holzer's refusal to answer questions about Ascendo's finances has nothing to do with his preparedness, but rather he ultimately explained that he did not know the exact numbers and attempted to provide ranges to some of the questions about Ascendo's finances but National elected not to include the full deposition transcript but only self-serving excerpts. In the Motion to Compel, National raised this point as a mere distraction, as was evident from the fact that National offered no explanation for why Ascendo should be compelled to testify about Ascendo's finances. Moreover, National sought to acquire this same information through written discovery propounded on Ascendo, to which Ascendo objected, and National never moved to compel this information.

For these reasons, Magistrate Judge Hoffman Price's denial of Plaintiff's Motion to Compel was correct, was not clear error, and there is no manifest injustice that would necessitate reconsideration of the Court's denial.

WHEREFORE, Defendant, Ascendo Resources, LLC, respectfully requests that the Court deny Plaintiff's Motion for Reconsideration [D.E. 145] and grant such other, further relief as the Court deems just and equitable.

Respectfully submitted,

/s / Lan Kennedy-Davis
LAN KENNEDY-DAVIS
Florida Bar No.: 534021
E-mail: lkennedy@rumberger.com
SUZANNE BARTO HILL
Florida Bar No.: 0846694
E-mail: shill@rumberger.com
SAMANTHA C. DUKE
Florida Bar No.: 0091403
E-mail: sduke@rumberger.com
SARA LEWIS KALLOP
Florida Bar No.: 1018619
E-mail: skallop@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 / Fax: 407.841.2133
Attorneys for Defendant, Ascendo Resources, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing via email to all counsel of record.

/s Lan Kennedy-Davis
LAN KENNEDY-DAVIS
Florida Bar No.: 534021
E-mail: lkennedy@rumberger.com
SUZANNE BARTO HILL
Florida Bar No.: 0846694
E-mail: shill@rumberger.com
SAMANTHA C. DUKE
Florida Bar No.: 0091403
E-mail: sduke@rumberger.com
SARA LEWIS KALLOP
Florida Bar No.: 1018619
E-mail: skallop@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 / Fax: 407.841.2133
Attorneys for Defendant, Ascendo Resources, LLC

20838812.v1