UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING SOLUTIONS,
INC.,

    *Plaintiff,*　　　　　　　　　　CASE NO.: 6:23-cv-01542-ACC-RMN

v.

ASCENDO RESOURCES, LLC;
AMY COSTELLO; KRISTOPHER
MUNCH; STEVEN MEADOWS
JACLYN ATACHUNAS; MICHAEL
FOOR; and BENJAMIN BENAMI

    *Defendants.*
_____/

## DEFENDANTS AMY COSTELLO AND KRISTOPHER MUNCH'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER OF PARTIAL DISMISSAL (D.E. 155)

Defendants Amy Costello and Kristopher Munch's respond to Plaintiff's Motion for Order of Partial Dismissal (D.E. 155) ("Motion") as follows:[1]

## MEMORANDUM OF LAW

Plaintiff seeks to dismiss Counts IV and V of its Amended Complaint. Motion at ¶ 2. Count IV was brought against Costello and Munch (and others) for alleged Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(e)(2)(B)) ("CFAA"). D.E. 43 at 20. Count V was bought against Costello and Munch for alleged

---

[1] Plaintiff National Staffing Solutions, Inc. is "**Plaintiff**." Defendant Amy Costello is "**Costello**." Defendant Kristopher Munch is "**Munch**." Costello and Munch are "**Defendants.**"

Violation of the Florida Computer Abuse and Data Recovery Act (Fla. Stat. § 668.802) ("CADRA"). *Id.* at 22.

Defendants do not oppose the dismissal of counts IV and V with prejudice, to the extent that such dismissal results in this being deemed the prevailing party on Count V for purposes of attorneys' fees and costs as permitted under those statutes.

The CADRA statue provides: "[a] court shall award reasonable attorney fees to the prevailing party in any action arising under this part." Fla. Stat. § 668.804(2); *see also Kipu Sys. LLC v. Zencharts LLC*, 2021 WL 1891710, at *10–11 (S.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 4505527 (S.D. Fla. Sept. 30, 2021) (prevailing party on CADRA claim entitled to fees under § 668.804(2)).

This Court has previously found, "even a plaintiff's voluntary dismissal may vest the defendant with 'prevailing party' status for purposes of attorneys' fees." *Rabco Corp. v. Steele Plaza, LLC*, 2018 WL 7982921, at *3 (M.D. Fla. Aug. 9, 2018) (emphasis in original) (citing *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990)). Indeed, in *Thornber*, the Florida Supreme Court stated that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party," and that "[a] determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party." *Thornber*, 568 So. 2d at 919 (citations omitted). Other courts also readily conclude that Florida law dictates that a defendant is the prevailing party when the plaintiff voluntarily dismisses the case. *See, e.g., M&L Rest. Grp., LLC v. Atif Hosp. Concepts*, LLC, 2018 WL 4608256, at

*4 (M.D. Fla. Apr. 12, 2018) ("Because the plaintiffs voluntarily dismissed their case, the Defendant is considered a prevailing party.").

In addition to the foregoing, Defendant's consent to the requested dismissal is without waiver of or prejudice to their rights to all other relief that may be available under the law in connection with those dismissed counts, including other bases for attorneys' fees and costs, including without limitation costs under 28 U.S.C. § 1920.

Dated: August 4, 2025                               Respectfully submitted,

By: */s/ Christopher S. Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com
**LEAD COUNSEL**

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

Michael A. Boehringer
Florida Bar No.:1018486
mboehringer@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Defendants Amy Costello and Kristopher Munch*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August 2025, the foregoing document was furnished via CM/ECF to all counsel of record.

By: */s/ Christopher S. Prater*
Christopher S. Prater